In the Matter of City of Plattsburgh, Appellant, v Martin Mannix, Jr., et al., Individually and Constituting the Town of Plattsburgh Town Board, et al., Respondents, and Parcon Realty, Inc., Intervenor-Respondent.

Third Department, November 6, 1980

## APPEARANCES OF COUNSEL

*Thomas A. Robinson, Corporation Counsel (John E. Clute* of counsel), for appellant.

*Clyde A. Lewis* for respondents.

*Rutnik & Rutnik (Polly N. Rutnik* of counsel), for intervenor-respondent.

## OPINION OF THE COURT

MAIN, J.

■ ■ At issue in this proceeding are actions of various boards of the Town of Plattsburgh relative to a 100-acre tract of land in the town, 60 acres of which intervenor-respondent Parcon Realty, Inc., proposes to develop as the Champlain Mall shopping center. Petitioner here challenges the action of the town board on October 2, 1978 rezoning the 100-acre tract from R-2, i.e., residential district without utilities, to C-2, i.e., shopping center commercial district, the determination of the town planning board on October 24, 1978 that the proposed shopping center project would not require an environmental impact statement under the State Environmental Quality

Review Act (SEQRA) (ECL 8-0101 *et seq.)* and the action of the town zoning board of appeals on October 30, 1978 granting Parcon Realty in the development of the shopping center a variance from certain parking and off-street loading space requirements contained in the town's zoning ordinance. While the net effect of these actions would unquestionably be to facilitate Parcon Realty's development of the shopping center, that fact is plainly insufficient to render the actions improper, and for the reasons that follow we hold the dismissal of petitioner's application should be affirmed.

■ Initially, we find that petitioner's challenge to the amendment to the zoning ordinance by the town board cannot be sustained and, in so ruling, hold that the provisions of SEQRA did not require a determination whether to prepare an "environmental impact statement" prior to the adoption of the amendment on October 2, 1978. Prior to November 1, 1978 (see 6 NYCRR 617.12 [b] [2] [i], eff Nov. 1, 1978) only "type I actions" as exclusively listed in 6 NYCRR 617.15 (e) (eff Jan. 24, 1978) required such a determination, and a review of the list reveals that it does not include an amendment to a municipality's zoning ordinance changing the allowable use of a district such as presented here. With regard to any other challenge to the amendment, petitioner lacks the requisite standing because it had a right to be heard at a public hearing on the proposed amendment, but no right to judicial review of the town board's action (Town Law, § 264; *Town of North Hempstead v Village of North Hills,* 38 NY2d 334).

Additionally, petitioner's attack on the town planning board's determination that the proposed shopping center did not require an environmental impact statement has been rendered moot. The planning board made its determination after it had been mistakenly informed by the New York State Department of Environmental Conservation that the proposed shopping center was to be located on a "freshwater wetland", a circumstance which would mandate such a determination (6 NYCRR 617.15 [e], eff Jan. 24, 1978). Several months later, however, the department corrected its error and it is now established that a freshwater wetland is not involved, and, accordingly, that no determination by the planning board was necessary.

■ *Lastly,* petitioner lacks the necessary standing to challenge the issuance of the variance to Parcon Realty. As argued by petitioner in its brief, the variance may well result

in future traffic problems affecting the general public. Such a possibility is insufficient to confer standing on petitioner, however, because it has failed to demonstrate how its personal or property rights, either personally or in a representative capacity, will be directly and specifically affected apart from any damage suffered by the public at large *(Matter of Abrams v New York City Tr. Auth.,* 48 AD2d 69, affd 39 NY2d 990).

The judgment should be affirmed, without costs.

MAHONEY, P. J., GREENBLOTT and MIKOLL, JJ., concur with MAIN, J.; STALEY, JR., J., not taking part.

Judgment affirmed, without costs.