■ DAVID G. GOLDSTEIN et al., as Assignees of LLOYD H. RELIN, as Trustee in Bankruptcy of ELGEET OPTICAL CO., INC., Appellants-Respondents, v OLYMPUS OPTICAL CO., LTD., Respondent, and OLYMPUS CORPORATION OF AMERICA et al., Respondents-Appellants, et al., Defendants. — Order unanimously modified and, as modified, affirmed, with costs to defendants Olympus Corporation of America and Ataka, in accordance with the following memorandum: Defendants Ataka and Olympus Corporation of America should be granted summary judgment dismissing the third cause of action alleging conversion. The agreement between Elgeet Optical Co. Inc. (plaintiffs' assignor) and defendant Ataka establishes that Ataka retained title to the goods. The agreement provided that Elgeet would order all its Olympus Optical goods through Ataka, which agreed to issue a letter of credit and make the necessary arrangements for importing the goods. Ataka would then have the goods shipped to a bonded warehouse maintained by Elgeet, which was to have the status of a warehouse-man and be liable to Ataka to the same extent as any other warehouse-man. Elgeet was further obligated to accept and pay for the goods within 90 days after withdrawal from the warehouse, or within six months of delivery to the warehouse. The agreement also required Elgeet to put up a $50,000 deposit. Elgeet was then authorized to withdraw goods from the warehouse up to that amount. If a withdrawal would bring Elgeet's outstanding account to more than $50,000, then the request for withdrawal was required to be accompanied by payment in full. Subdivision (2) of section 2-401 of the Uniform Commercial Code provides that title passes at the time of delivery to the buyer. Under the express terms of the agreement the buyer did not obtain delivery upon shipment to the warehouse, but only upon withdrawal from the warehouse, an event completely under the control of Ataka. This arrangement permits no other conclusion than that title of the goods rested in Ataka. Where a question of intent is determinable by written agreement, the question is one of law, appropriately decided by an appellate court (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 290-291). (Appeals from order of Supreme Court, Monroe County, Rosenbloom, J. — partial summary judgment.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.

■ In the Matter of VRADEN BRANCH, Appellant, v EDWARD R. HAMMOCK, as Chairman of the New York State Board of Parole, Respondent. — Appeal unanimously dismissed. Memorandum: The judgment was entered upon the denial of an ex parte application for an order to show cause to commence a CPLR article 78 proceeding. It is not appealable (*Matter of Scotti*, 53 AD2d 282, 285-286). Although the proceeding was not otherwise properly instituted by personal service of a notice of petition (see CPLR 403, subd [c]; 304), Special Term addressed the merits in a memorandum decision. Were we to review the merits, we would affirm. (Appeal from judgment of Supreme Court, Cayuga County, Contiguglia, J. — art 78.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.