■ PAT ROSSETTI, as Administratrix of the Estate of CARMINE ROSSETTI, Deceased, Respondent, v ALEXANDER M. DELAGARZA, Appellant.—In a medical malpractice action to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Kings County (Lodato, J.), dated October 31, 1984, which granted the plaintiff's motion to strike his affirmative defense of lack of personal jurisdiction and denied his cross motion for summary judgment.

Order reversed, on the law, with costs, motion denied, cross motion granted, and complaint dismissed. No questions of fact have been raised or considered.

The plaintiff's process server made numerous attempts to serve the defendant at his places of business and at his home, on various days and at various times. When the process server was unable to locate the defendant during any of these attempts at service, he finally affixed a copy of the summons to the door of the defendant's home and mailed another copy to the same address, pursuant to CPLR 308 (4). He made service in this manner on two separate occasions.

However, this "nail and mail" service pursuant to CPLR 308 (4) may only be used where service under CPLR 308 (1), (2) cannot be made with due diligence.

In the case at bar, the process server had several opportunities to serve a person of "suitable age and discretion at the actual place of business, dwelling place or usual place of abode" of the defendant, and to mail another copy of the summons to the defendant at "his last known residence", pursuant to CPLR 308 (2). Therefore, since service pursuant to CPLR 308 (2) could have been made with due diligence, the process server's resort to "nail and mail" service pursuant to

CPLR 308 (4) was improper and did not confer personal jurisdiction over the defendant *(see, Weinberg v Hillbrae Bldrs.,* 58 AD2d 546; *Levin v McGovern,* 53 AD2d 1042).

Accordingly, the plaintiff's motion to strike the defendant's affirmative defense of lack of personal jurisdiction should be denied, and the defendant's cross motion for summary judgment granted. Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.