■ LANSING RESEARCH CORPORATION, Respondent, v SYBRON CORPORATION, Appellant.—Kane, J. P. Appeals (1) from an order of the Supreme Court (Bryant, J.), entered August 20, 1987 in Tompkins County, which, *inter alia,* granted plaintiff's cross motion for summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered December 15, 1987 in Tompkins County which, *inter alia,* denied defendant's motion for renewal.

On August 27, 1975, plaintiff and defendant entered into an agreement (hereinafter the Agreement) concerning a device that plaintiff had invented known as an "optical core processor" (hereinafter the OCP). The Agreement consisted of two phases. In the first phase, upon plaintiff's demonstrating satisfactory construction of the OCP, defendant then had 90 days to pay for a six-month option. Once defendant exercised the option the second phase of the Agreement then became effective, with defendant acquiring an exclusive worldwide license to market and sell the OCP and plaintiff acquiring certain royalty rights. It is that aspect of the Agreement, concerning plaintiff's right to receive a guaranteed minimum royalty, that is at issue in this case.

The particular provisions in dispute are as follows:

"If royalties payable by [defendant] hereunder are less than the amounts [agreed upon] for any twelve month period, [defendant] shall never-the-less pay such amounts as minimum royalty * * *

"In the event that [defendant] fails to make any such minimum royalty payment as hereinabove described, then [plaintiff] may require [defendant] to reconvey to [plaintiff] the exclusive license conveyed to [defendant] under the terms of this Agreement and [plaintiff] shall thereafter convey to [defendant] a non-exclusive license under the same terms and conditions as set forth in this Agreement."

Shortly after signing the Agreement, plaintiff obtained a patent on the OCP. In December 1977, plaintiff delivered a prototype of the OCP to defendant. Although the prototype failed to meet certain of the Agreement's specifications, defendant, aware of these shortcomings, nevertheless exercised its option to purchase the exclusive license in March 1978. No steps were ever taken to market the OCP and it was never manufactured or sold. However, neither party ever sought to terminate the Agreement. April 1, 1980 was the date that the first minimum royalty payment was due. Defendant refused plaintiff's demand for payment and attempted to tender the exclusive license back to plaintiff, arguing that that was the only remedy available to plaintiff. Defendant also claimed that in exercising the option, it had relied on plaintiff's misrepresentations that the shortcomings of the OCP prototype could be rectified. Defendant also asserted that plaintiff's patent was invalid. As a result, defendant claimed that plaintiff had breached the Agreement and that defendant was entitled to rescission and damages.

Plaintiff then commenced a suit in Federal court seeking royalties and damages as well as a declaration that the patent was valid. Since the suit did not involve patent matters per se, it was dismissed for lack of subject matter jurisdiction (see, Lansing Research Corp. v Sybron Corp., 514 F Supp 543). The instant action was then commenced by plaintiff in March 1986. Defendant's answer asserted seven affirmative defenses, two alleging defective patent, two alleging fraudulent and negligent misrepresentation, one alleging lack of consideration, one alleging failure to mitigate damages and one alleging that plaintiff's only remedy was a reconveyance of the exclusive license. Defendant also interposed two counterclaims for damages based on its defenses of fraud and negligent misrepresentation. After conducting discovery, defendant moved for summary judgment and plaintiff cross-moved for the same relief. Supreme Court granted plaintiff's cross motion, finding defendant liable to pay plaintiff royalties under the clear wording of the contract. The court also found that defendant failed to establish any triable issues of fact with respect to its affirmative defenses and counterclaims.

Defendant then moved for renewal pursuant to CPLR 2221, arguing that its initial motion did not address its defenses or counterclaims and had been limited solely to the question of the interpretation of the contract. Plaintiff also moved for an award of counsel fees. Both motions were denied. Defendant

now appeals both the grant of summary judgment in plaintiff's favor and the denial of its motion to renew.*

We deal first with defendant's claim that the grant of summary judgment was improper. With respect to defendant's affirmative defenses and counterclaims, as noted, Supreme Court found that defendant failed to present sufficient evidence to raise any triable issues of fact. We agree, and although defendant now argues to the contrary, it conceded in its motion to renew that its evidence on these issues was insufficient.

As to the question of contract interpretation, defendant argues that Supreme Court erred insofar as its decision relied on extrinsic evidence. It is true that where the terms of an agreement are unambiguous, the parties' intent must be drawn only from the contract language (see, *Goldstein v Olympus Opt. Co.,* 98 AD2d 991, *affd on mem below* 63 NY2d 1006; *Havel v Kelsey-Hayes Co.,* 83 AD2d 380, 382). Here, although the court did view the parties' affidavits, it based its decision upon the four corners of the Agreement. In our view, the court's determination that the terms at issue were unambiguous was correct, as was its interpretation of those terms. The Agreement expressed, in clear and unmistakable terms, the intention to provide a minimum royalty regardless of whether the OCP was ever actually used (*cf., Roberts Numbering Mach. Co. v Black Heat Elec. Corp.,* 275 App Div 824, 825, *affd* 300 NY 718). Furthermore, contrary to defendant's claim, the Agreement did not limit plaintiff to the sole remedy of demanding the return of its exclusive license. The Agreement clearly stipulated that upon defendant's failure to pay the minimum royalty, plaintiff "may" elect to receive back the exclusive license. Such a right of forfeiture did not serve to defeat plaintiff's right to sue for payment of the minimum royalty upon defendant's default (see, *Wing v Ansonia Clock Co.,* 102 NY 531, 534-535). Thus, Supreme Court properly granted plaintiff's cross motion for summary judgment.

We turn next to defendant's assertion that its motion for summary judgment was limited to the contract issue and, therefore, that Supreme Court improperly addressed defendant's affirmative defenses and counterclaims. However, no such limitation appears in its notice of motion and nowhere

---

* In the motion to renew, defendant also moved in the alternative for an order to vacate pursuant to CPLR 5015 (a). Supreme Court did not specifically address that aspect of the motion in its decision but did deny it in its order. In its appeal, defendant pursues the renewal argument only.

did defendant assert that its motion was not intended to address its defenses or counterclaims. As Supreme Court noted in addressing the motion to renew, defendant never sought partial summary judgment. By initially seeking summary judgment, defendant exposed itself to a search of the record (see, CPLR 3212 [b]; Siegel, NY Prac § 282, at 339), and summary judgment could have been granted in favor of plaintiff even in the absence of its cross motion for the same relief (see, Lauer v Dupreau, 87 AD2d 659, 660, affd 58 NY2d 814). Additionally, in opposing plaintiff's cross motion, it was defendant's, not plaintiff's, initial burden to raise a factual issue regarding defendant's interposed defenses (see, Kaye v Keret, 89 AD2d 885, 886). Thus, Supreme Court's consideration of defendant's defenses and counterclaims was not improper.

We reach the same conclusion with respect to Supreme Court's denial of defendant's motion to renew. On a motion to renew under CPLR 2221, a party must show new facts to support the motion, as well as a justifiable excuse for not initially placing such facts before the court (see, Foley v Roche, 68 AD2d 558, 568, lv denied 56 NY2d 507). Here, defendant argued that the scientific nature of its defenses, the narrow scope of its original motion, the departure of an attorney in the firm it retained and another attorney's attendance at a boy scout camp at the time of plaintiff's cross motion excused it from initially laying bare its proof. However, as Supreme Court properly noted, in moving for summary judgment defendant was required to lay bare all of its evidence on the original motion (see, Caffee v Arnold, 104 AD2d 352). Furthermore, at the time of the original motion, defendant had already acquired the evidentiary material upon which it was relying in the motion to renew (see, Gulledge v Adams, 108 AD2d 950). In our view, defendant failed to offer any valid excuses for not submitting the additional known facts upon its original motion (see, Foley v Roche, supra, at 568).

Orders and judgment affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.