5   In the Matter of PATRICIA BARNES, Respondent, v STATE OF NEW YORK, Appellant.—Kane, J. P. Appeal (transferred to this court by order of the Appellate Division, Fourth Department) from an order of the Court of Claims (Corbett, Jr., P. J.), entered March 15, 1989, which, upon renewal, granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

In October 1987, claimant was involved in a one-vehicle accident while a passenger in an automobile driven by Gloria Laraway on State Route 5 in Montgomery County. Claimant's March 1988 application to file a late claim against the State was denied in September 1988 for failure to demonstrate a meritorious cause of action. Thereafter, claimant moved for reargument and/or renewal based on, *inter alia,* the newly obtained testimony of Laraway regarding the lack of road markings along Route 5 at the time of the accident. The Court of Claims granted the motion as one to renew and allowed claimant to file a late notice of claim. The State now appeals.

We reverse. "On a motion to renew under CPLR 2221, a party must show new facts to support the motion, *as well as a justifiable excuse for not initially placing such facts before the court" (Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819 [emphasis supplied]; *see, Foley v Roche,* 68 AD2d 558, 568,

*lv denied* 56 NY2d 507). Renewal is by no means guaranteed and "is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" *(Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994; *see, Gulledge v Adams,* 108 AD2d 950). In the case at bar, although the accident occurred in October 1987, claimant failed to obtain Laraway's testimony, evidence essential to her claim, until October 1988, one year after the incident and over six months after her original application to file a late claim. Claimant's apparent excuse for not including this newly obtained evidence with her original application was that she "was diligent in conducting an investigation as to the cause of the accident, through the process of discovery". In our view, this is no excuse at all. Accordingly, we find that the Court of Claims abused its discretion in granting claimant's motion to renew *(see, Koumianos v State of New York,* 141 AD2d 189, 192) and that the permission given to file a late claim was, therefore, improper.

Order reversed, on the law, without costs, and motion for renewal denied. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.