■ KENNETH P. ZEBROWSKI et al., Respondents, v PEARL KITCHENS, Appellant.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered

February 7, 1990 in Rockland County, which denied defendant's motion to renew its prior motion to vacate a default judgment entered against it.

In January 1989, a dispute between the parties arose over a contract for the delivery and installation by defendant of certain kitchen cabinets in plaintiffs' residence. Plaintiffs commenced this action by service of a summons with notice dated January 11, 1989 and defendant appeared through its counsel and demanded a complaint. A verified complaint was served upon defendant in March 1989, but defendant took no further action until August 31, 1989 when it moved to vacate a default judgment entered against it upon the grounds that, *inter alia,* personal circumstances and illness of the co-owner of defendant, Richard Ammons, prevented defendant from interposing an answer. Following Supreme Court's denial of that motion in October 1989, defendant moved to renew its motion seeking vacatur of the default based upon allegedly defective service and the law office failure of defendant's prior counsel. This appeal followed from Supreme Court's denial of defendant's renewal motion.

There should be an affirmance. In support of a motion to renew pursuant to CPLR 2221, the moving party must show new facts as well as a justifiable excuse for not placing such facts before the court in the first instance *(see, Matter of Barnes v State of New York,* 159 AD2d 753, *lv dismissed* 76 NY2d 935; *Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819; *Foley v Roche,* 68 AD2d 558, 568). Here, the new facts claimed by defendant were that, contrary to the process server's affidavit of service, Ammons was not personally served at defendant's offices and the individual actually served was not an agent authorized to accept process on defendant's behalf. As an excuse for not including this information in its initial motion to vacate the default judgment, defendant claimed the law office failure of its prior counsel, particularly the preparation of an inaccurate affidavit explaining defendant's default, which Ammons signed without reading. Defendant has made no showing, however, that the additional facts regarding service were unknown to it at the time of its original motion *(see, Martini v Asmann,* 146 AD2d 571, 572; *Lansing Research Corp. v Sybron Corp., supra; Gulledge v Adams,* 108 AD2d 950). In fact, Ammons stated in his affidavit in support of the renewal motion that he told his prior counsel that he was never served with process, "personally or otherwise". Thus, had Ammons read his first affidavit he would have realized that it did not include the foregoing informa-

tion, and the law office failure of his then-counsel would have been readily apparent.

Under these circumstances, we agree with Supreme Court that the failure of Ammons to read his supporting affidavit is an invalid excuse for not submitting the known facts upon defendant's original motion, and we find no abuse of discretion in the court's denial of defendant's motion to renew (see, *Koumianos v State of New York,* 141 AD2d 189, 192). Furthermore, even assuming that a justifiable excuse had been shown, the conclusory allegations set forth in the affidavits submitted by defendant in support of its vacatur motion were insufficient to establish the existence of a meritorious defense (see, *Matter of State of New York v Wiley,* 117 AD2d 856).

Order affirmed, with costs. Mikoll, J. P., Yesawich, Jr., Levine, Mercure and Crew III, JJ., concur.