■ ROGER P. KAMBOUR et al., Respondents, v SARAH FAR-RAR, Appellant.—Appeal from an order of the Supreme Court (Kahn, J.), entered February 3, 1992 in Albany County, which, upon renewal, vacated its prior order granting defendant's motion to vacate a default judgment entered against her.

Defendant moved to dismiss a default judgment entered against her on the ground that, among other things, service on her was improper. After holding a hearing on the issue of personal jurisdiction, Supreme Court vacated the default judgment finding that service was in fact improper. Supreme Court subsequently granted a renewal motion by plaintiffs, vacated its prior order and reinstated the default judgment against defendant. Supreme Court determined that when it granted defendant's motion to vacate it did so because it relied on defendant's testimony that, although she owned a house on Maple Lane in the Town of Colonie, Albany County, she lived in Massachusetts. As such, any attempt at serving her at the Maple Lane address would not establish personal jurisdiction. The court now decided that the new information, a motor vehicle abstract indicating defendant's address as 4 Maple Lane, established that she did use that address as her residence. It then decided that sufficient attempts to serve defendant personally at that address had been made and, when unsuccessful, the use of substituted service pursuant to CPLR 308 (4) was warranted.

Defendant initially contends that Supreme Court improperly granted plaintiffs' motion for renewal. We agree. A motion to renew should only be granted if, in addition to showing new facts, the moving party sets forth a justifiable excuse for not putting those facts before the court in the first instance *(see, Zebrowski v Kitchens,* 172 AD2d 972; *Lansing Research Corp. v Sybron Corp.,* 142 AD2d 816, 819). Plaintiffs claim that at the hearing they were given access to bank records which, after further investigation, revealed that defendant had a driver's license listing her address as 4 Maple Lane. The new fact claimed by plaintiffs was the motor vehicle abstract. While this new information may have shed some light on the issue of personal jurisdiction, especially because of defendant's claim and Supreme Court's finding that defendant actually lived in Massachusetts, plaintiffs failed to

provide a justifiable excuse for not presenting this abstract, information readily available, when they were originally trying to defend against defendant's claim that service was ineffective. As such, Supreme Court should not have granted plaintiffs' renewal motion *(see, supra)*.

Even if the renewal motion was properly granted, we disagree with Supreme Court that the substituted service under CPLR 308 (4) was authorized in this case. Before the process server can resort to the "nail and mail" service provided in CPLR 308 (4), it must be shown that service under CPLR 308 (1) or (2) cannot be made with due diligence *(see, Miske v Maher,* 156 AD2d 986, *lv denied* 75 NY2d 708; *Rossetti v DeLagarza,* 117 AD2d 793). According to the testimony and Supreme Court's original findings of fact, defendant's mother was at the Maple Lane address on at least one occasion when the process server attempted service and, because she was a person of suitable age and discretion, service upon her pursuant to CPLR 308 (2) was possible *(see, supra)*.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion for renewal denied.