■ MICHAEL AZIZ ZARIF SHABAZZ, Also Known as MICHAEL HURLEY, Appellant, v STATE OF NEW YORK, Respondent. (And Another Related Claim.) [594 NYS2d 464] —Crew III, J. Appeals (1) from two orders of the Court of Claims (McCabe, Jr., J.), entered May 23, 1991 and May 24, 1991, which granted the State's motions to dismiss the claims for failure to prosecute, and (2) from an order of said court, entered August 19, 1991, which denied claimant's motion to vacate the prior orders of said court.

On or about June 1, 1988, claimant filed a claim alleging, *inter alia,* that he had been assaulted by prison guards and deprived of adequate food, showers and outdoor recreation. A second claim was filed on or about November 17, 1988 alleging further violations by prison officials; it appears that both claims were scheduled for trial at Green Haven Correctional Facility in Dutchess County on May 7, 1991. Claimant did not appear for trial and the Court of Claims granted the State's oral motions to dismiss the claims for failure to prosecute. The Court of Claims thereafter denied claimant's motion to vacate the orders of dismissal and these appeals followed.

We affirm. Court of Claims Act § 19 (3) provides that "[c]laims may be dismissed for failure to appear or prosecute or be restored to the calendar for good cause shown, in the discretion of the court". A motion to dismiss pursuant to this provision lies within the sound discretion of the Court of Claims, and the record must show an abuse of that discretion before the order of dismissal may be reversed *(see, Scheckter v State of New York,* 33 AD2d 1075). Here, the record reveals that claimant was not allowed to attend the trial due to his failure to comply with a request made by a correction officer

during the course of a pat frisk. Specifically, claimant was asked to hand his shoes to the correction officer for inspection. Claimant refused, contending that the Department of Correctional Services directive governing a pat frisk did not require him to pick up his shoes and physically hand them to the correction officer. The record further indicates, however, that claimant's objection to this procedure had been ongoing. In his May 1, 1991 letter to the Court of Claims, claimant advised the court that he had reached an "impasse" with facility officials on this issue and expressed concern that this dispute would preclude his attendance at trial. Plainly, claimant understood that his failure to comply with the pat frisk procedure to the satisfaction of facility officials could result in his not being allowed to appear at trial (see, Matter of Sanders v Coughlin, 168 AD2d 719, 721-722, lv denied 77 NY2d 806). Under these circumstances, we cannot say that the Court of Claims erred in dismissing the claims.

Finally, claimant's motion to vacate the orders of dismissal was properly denied due to his failure to provide "sufficient reason why the order[s] should be vacated and the claim[s] restored" (22 NYCRR 206.15). We have examined claimant's remaining contentions and find them to be lacking in merit.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.