■ Louis Fargnoli Food Distributor, Appellant, v Jennies Bakery, Inc., Defendant, and Victoria Farthing, Respondent. [618 NYS2d 482] —Mercure, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 4, 1994 in Broome County, which, *inter alia,* upon reconsideration, granted defendant Victoria Farthing's motion to vacate a default judgment entered against her.

Plaintiff brought this action against defendant Jennies Bakery, Inc. (hereinafter the corporation) and defendant Victoria Farthing, the sole shareholder of the corporation, to recover the sum of $36,808 undisputedly due and owing for food items and materials supplied to the bakery business. Judgment was entered in favor of plaintiff in June 1991 upon defendants' default in defending the action. In May 1993, Farthing moved to vacate the default judgment against her, not upon the ground of lack of personal jurisdiction pursuant to CPLR 5015 (a) (4) (Farthing merely indicated she had "no recollection of being served in this matter"), but upon the assertion that Farthing had no personal involvement with the corporation beyond waiting on the customers and paying purveyors of supplies from the cash register upon the instruction of her son. Given the fact that the motion was untimely *(see,* CPLR 5015 [a] [1]) and that Farthing failed to establish either a reasonable excuse for her default or a meritorious defense to the action, Supreme Court (Smyk, J.) did not err in summarily denying the motion *(see, La Griglia, Inc. v Firemen's Ins. Cos.,* 198 AD2d 637, 638, *lv dismissed* 83 NY2d 801; *Zebrowski v Pearl Kitchens,* 172 AD2d 972, 973).

Farthing took no appeal from the order denying her motion to vacate the default judgment. Instead, following Justice Smyk's retirement, in January 1994 she made application for renewal before the Justice then assigned (Monserrate, J.) upon the ground that, contrary to the sworn allegation submitted on the prior motion, she was merely an incorporator and not a shareholder of the corporation. No indication was given, however, why this information, apparently garnered from a perusal of the corporate attorney's file, could not have been presented in the first instance *(see, Rankin v Harding,* 191 AD2d 926, 928, *lv dismissed, lv denied* 82 NY2d 690; *Kambour v Farrar,* 188 AD2d 719). We conclude that under the circumstances, Supreme Court lacked discretion to grant the motion to renew *(see, Kambour v Farrar, supra).* Even if this were not the case, we are of the further view that Supreme Court erred in granting the renewed motion to vacate the default judg-

ment against Farthing, as she still failed to make an adequate showing of either excuse or merit *(see, La Griglia, Inc. v Firemen's Ins. Cos., supra; Zebrowski v Pearl Kitchens, supra).*

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant Victoria Farthing's motion to renew and, upon renewal, granted her motion to vacate the default judgment against her; motions denied; and, as so modified, affirmed.