■ MADELON SEIFTS, Plaintiff, and RAYMOND KNISKERN, Appellant, v WILLIAM MARKLE, Respondent. [620 NYS2d 620] —Mikoll, J. Appeal from an order of the Supreme Court (White, J.), entered January 3, 1994 in Schenectady County, which

denied plaintiff Raymond Kniskern's motion to renew a prior order granting defendant's motion for summary judgment dismissing said plaintiff's complaint.

Plaintiff Raymond Kniskern (hereinafter plaintiff) sued for personal injuries sustained as a result of an automobile accident of April 14, 1988. A trial date was set for September 13, 1993 on plaintiff's motion for a trial preference. On June 18, 1993 defendant moved for summary judgment on the ground that plaintiff did not sustain a "serious injury" as required by Insurance Law § 5104 (a). Plaintiff was unable to schedule a reexamination with his treating physician who had retired and was away at the time. He therefore requested several adjournments of the motion which were consented to by defendant. Plaintiff was finally examined on August 24, 1993. Supreme Court set a final date of August 30, 1993 for submission of papers and denied any further adjournment when plaintiff's counsel advised the court that the doctor's report had failed to arrive and plaintiff was not able to submit a reply affidavit. Supreme Court granted summary judgment to defendant against plaintiff on September 7, 1993 dismissing his complaint because plaintiff failed to file any submissions. The doctor's report had been misdirected to another law office and was received by plaintiff's counsel on September 16, 1993. Plaintiff made a motion to renew on November 9, 1993 based on the affidavit of William Kite, Jr., a neurosurgeon. Supreme Court denied the motion, holding that plaintiff should have been prepared to oppose the summary judgment motion given the imminent trial date.

A motion to renew should be granted upon a showing of new facts where the moving party sets forth a justifiable excuse for not presenting the facts to the court *(Kambour v Farrar,* 188 AD2d 719). Plaintiff has satisfied his burden on the motion to renew. Supreme Court abused its discretion by denying plaintiff's application for leave to renew a motion for summary judgment.

The existing material facts relating to plaintiff's present physical condition were not available to plaintiff or his counsel at the time of the motion through the inadvertence of the examining physician but were communicated shortly thereafter. Leave to renew is the appropriate remedy under such circumstances *(see, Rotondi v Horning,* 168 AD2d 944). Kite's affidavit definitively diagnosed plaintiff as suffering from a herniated intervertebral disc at L4-5 and an aggravation of cervical spondylosis causally related to the motor vehicle

accident. Kite concluded that plaintiff suffered from a permanent disability related to the motor vehicle accident. The affidavit was sufficient to raise questions of fact requiring resolution by the trier of fact. Summary judgment is inappropriate under the circumstances.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion for renewal granted and defendant's motion for summary judgment denied.