■ MAINES PAPER AND FOOD SERVICE, INC., Respondent, v FARMINGTON FOODS, INC., Appellant. [649 NYS2d 230] —Casey, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered August 14, 1995 in Broome County, which, *inter alia*, denied defendant's motion to vacate a default judgment entered against it, and (2) from an order of said court, entered December 12, 1995 in Broome County, which denied defendant's motion for renewal.

Plaintiff commenced this action against defendant in June 1994 by serving a summons and complaint in accordance with Business Corporation Law § 307. By letter dated August 15, 1994, defendant's counsel requested an opportunity to answer and appear. Settlement negotiations ensued which were only partially successful. By letters dated November 8, 1994, December 7, 1994 and March 7, 1995, plaintiff's attorney requested defendant's attorney to submit an answer. The latter two letters also informed defendant's counsel that in the event no answer was received, a default judgment would be sought. Defendant never answered and in April 1995 a default

judgment was entered. In August 1995, defendant moved pursuant to CPLR 317 and 5015 (a) (1) to vacate the default judgment. Supreme Court, concluding that defendant had received "notice of the action in time to defend" (*see*, CPLR 317) and had not presented a justifiable excuse for the delay in answering (*see*, CPLR 5015 [a] [1]), denied the motion. The court also denied defendant's subsequent motion to renew. Defendant appeals.

We affirm. Insofar as the motion to vacate was based on CPLR 317, we find sufficient evidence in the record to support Supreme Court's conclusion that defendant had, through its attorney, been notified that this action had been commenced (*see*, *Ariowitsch v Johnson*, 114 AD2d 184; *see also*, *Morgan v Sullivan*, 158 AD2d 927). As the court noted, by August 1994 defendant's attorney was negotiating on defendant's behalf both for extensions of time to answer and to settle the case on its merits.

We also find no abuse of discretion in Supreme Court's refusal to grant the motion to vacate under CPLR 5015 (a) (1) (*see*, *Gannon v Johnson Scale Co.*, 189 AD2d 1052). Although defendant contended that the ongoing settlement negotiations between the parties constituted an excusable delay, this contention is belied by the record. As the court pointed out, defense counsel received no less than three requests for an answer. The November 1994 letter made it clear that negotiations were at an end.

In addition, both CPLR 317 and 5015 (a) (1) require the party seeking vacatur to establish a meritorious defense. Here, defendant submitted no proposed answer and the conclusory allegations set forth in its affidavits in support of the motion were insufficient to establish the existence of a meritorious defense (*see*, *Zebrowski v Pearl Kitchens*, 172 AD2d 972).

With respect to defendant's motion to renew, it was required to show both new facts as well as a justifiable excuse for not placing such facts before the court in the first instance (*see*, *Matter of Barnes v State of New York*, 159 AD2d 753, *appeal dismissed* 76 NY2d 935). Here, defense counsel alleged that he was between law offices from December 1994 to February 1995. As Supreme Court noted, however, this information was not "new" to defense counsel. Furthermore, defense counsel admitted that the only reason he did not relate this circumstance in the motion to vacate was because he did not think it was relevant. Given these facts, we find that Supreme Court properly denied the motion to renew (*see*, *Wagman v Village of Catskill*, 213 AD2d 775).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the orders are affirmed, with costs.