■ Luis Holguin et al., Plaintiffs, and Angel Zurita et al., Respondents, v Keith B. Howard et al., Appellants. (And Other Actions.) [670 NYS2d 12] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about April 7, 1997, which granted plaintiffs' motion to renew and, upon renewal, vacated the prior order of the same court and Justice, entered on or about May 30, 1996, dismissing the complaint, and thereupon denied defendants' motion for summary judgment and reinstated the complaint, unanimously affirmed, without costs.

Supreme Court, upon its original consideration of defendants' motion for summary judgment, granted the motion because there was no proof that plaintiffs had suffered "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiffs, however, subsequently sought to renew their opposition to defendants' summary judgment motion and in connection therewith offered a physician's affidavit in which the affiant reported that plaintiffs' range of motion had been abnormally constricted. In view of the newly submitted medical evidence, renewal was granted and defendants' motion for summary judgment denied.

Initially, we note that it was within the motion court's discretion to grant renewal where, as here, existing material facts relating to plaintiffs' physical condition were for excusable reasons not known to plaintiffs or their counsel at the time of defendant's summary judgment motion but became known shortly thereafter (*see, Seifts v Markle*, 211 AD2d 848).

On the merits, we agree with the motion court that the affidavit submitted by plaintiffs' physician warranted denial of defendants' summary judgment motion. The various range of motion tests employed by plaintiffs' physician and referred to in his affidavit are standard neurological tests (*Weaver v Howard*, 206 AD2d 793), and evidence of such tests indicating abnormal limitation upon a plaintiff's range of motion has been deemed sufficient to defeat a motion for summary judgment where the ground for the motion is, as it is here, that plaintiff's

injury is not serious within the meaning of Insurance Law § 5102 (d) (*Cassagnol v Williamsburg Plaza Taxi,* 234 AD2d 208; *Bates v Peeples*, 171 AD2d 635; *Huggins v Daniels*, 237 AD2d 491). Concur—Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.