■ In the Matter of Douglas R. Dyer et al., Respondents, v Planning Board of the Town of Schaghticoke et al., Respondents, and Brickyard Associates, Ltd., Appellant. [674 NYS2d 860] —Spain, J. Appeals (1) from a judgment of the Supreme Court (Ceresia, Jr., J.), entered November 21, 1996 in Rensselaer County, which, *inter alia*, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to annul a determination of respondent Planning Board of the Town of Schaghticoke granting respondent Brickyard Associates, Ltd. a special use permit, and (2) from an order of said court, entered October 14, 1997 in Rensselaer County, which partially denied a motion by respondent Brickyard Associates, Ltd. for reconsideration.

Respondent Brickyard Associates, Ltd. is the owner of a 252-acre parcel of property situated in the Town of Schaghticoke, Rensselaer County. In May 1990, respondent Town of Schaghticoke adopted Local Law, 1990, No. 3 of the Town of Schaghticoke (hereinafter Local Law No. 3), which zoned the area encompassing Brickyard's property as a manufacturing district in which the operation of manufacturing facilities was authorized by special use permit. In 1995, Brickyard applied to respondent Planning Board of the Town of Schaghticoke for a special use permit to construct a hot mix asphalt plant in

conjunction with a related mining operation on a 10-acre parcel of land within the property. Following public hearings and review pursuant to the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), the Planning Board granted the special use permit, apparently on the ground that the hot mix asphalt plant constituted a manufacturing facility within the meaning of Local Law No. 3.

Petitioners, the City of Mechanicville and the owners of real property in close proximity to the proposed asphalt plant, commenced this combined CPLR article 78 proceeding and action for declaratory judgment against the Planning Board, the Town and Brickyard seeking a judgment annulling the special use permit, declaring Brickyard's use of the property for asphalt production to be illegal and enjoining Brickyard from operating the asphalt plant. Following joinder of issue, Brickyard moved for summary judgment dismissing the petition/complaint; petitioners cross-moved for summary judgment against all respondents. Supreme Court, initially determining that petitioners had standing to challenge the issuance of the special use permit, denied Brickyard's motion and granted petitioners' cross motion on grounds that, *inter alia*, the Planning Board's determination that the hot mix asphalt plant was a manufacturing facility operable under a special use permit was arbitrary and capricious and that Brickyard failed to establish a legal nonconforming use. Consequently, Supreme Court annulled the Planning Board's determination which granted the special use permit to Brickyard. Brickyard appeals.

Brickyard thereafter moved for reconsideration seeking, *inter alia*, to reargue the issue of standing and to renew the motion for summary judgment based upon newly discovered facts involving the Town's alleged failure to file a copy of the zoning map with the Secretary of State. According to Brickyard, because this failure invalidated Local Law No. 3 and eliminated all zoning restrictions in the Town, it could operate the hot mix asphalt plant without a special use permit. Supreme Court denied both branches of the motion, finding, *inter alia*, that Brickyard had not demonstrated its entitlement to renewal by failing to show that the newly discovered facts were not previously available. Brickyard also appeals from the order denying its motion for reconsideration.

Initially, while we agree with Supreme Court's judgment annulling the special use permit issued to Brickyard, we conclude that the court erred in deciding that the City had standing to challenge the Planning Board's determination issuing the special use permit. Town Law § 274-b (9) provides that review

of a determination issuing a special use permit may be sought by any "person aggrieved" by the determination. Moreover, in order to demonstrate that one is aggrieved by the environmental impact of an administrative action, there must be evidence of special environmental damage which is different from that suffered by the public at large (*see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency*, 76 NY2d 428, 433; *Matter of Piela v Van Voris*, 229 AD2d 94, 95; *Matter of City of Plattsburgh v Mannix*, 77 AD2d 114, 117). Although the language of General Construction Law § 37 and case law permit zoning challenges by municipal corporations (*see, Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1; *Matter of Schlichting v Town Bd.*, 175 AD2d 805, *lv denied* 79 NY2d 753; *Matter of City of Plattsburgh v Mannix, supra*), we find merit in respondents' contention that the City failed to separately and independently assert how it would be injured in a manner different than the public at large.

In its petition the City avers that the proposed site will have adverse consequences upon it including, *inter alia*, diminishment in the fair market value of property situated within its boundaries, excessive noise caused by industrial operations, greatly increased traffic and air pollution, and the possible destruction of the ecosystem. The City "has failed to demonstrate how its personal or property rights, either personally or in a representative capacity, will be directly and specifically affected apart from any damage suffered by the public at large" (*Matter of City of Plattsburgh v Mannix*, 77 AD2d 114, 117, *supra*). Furthermore, the City's averments are clearly overly broad and, in our view, are insufficient to demonstrate that the City may suffer unique environmental harm as a result of the hot mix asphalt plant (*see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, supra*, at 433; *Matter of Sun-Brite Car Wash v Board of Zoning Appeals*, 69 NY2d 406, 410; *Matter of City of Plattsburgh v Mannix, supra*).

We do, however, agree with petitioners that Supreme Court did not abuse its discretion in denying that part of Brickyard's motion which sought renewal. In order to prevail on a motion to renew, the proponent must demonstrate newly discovered facts to support the motion and a justifiable excuse for not initially presenting those facts to the trial court (*see, Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897; *Maines Paper & Food Serv. v Farmington Foods*, 233 AD2d 595, 596; *Wagman v Village of Catskill*, 213 AD2d 775, 775-776). Because renewal " 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual

presentation'" (*Matter of Barnes v State of New York*, 159 AD2d 753, 754, *lv dismissed* 76 NY2d 935, quoting *Matter of Beiny*, 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994), a justifiable excuse will be deemed absent where the new facts were capable of being discovered at the time the original motion was made (*see, Wagman v Village of Catskill, supra*, at 775; *Seifts v Markle*, 211 AD2d 848, 849). Here, Brickyard's failure to previously discover the Town's alleged failure to file a zoning map resulted from its lack of diligence rather than a justifiable excuse. Notably, Brickyard's motion for summary judgment was made within five weeks of the commencement of the combined proceeding/complaint. Brickyard had ample time to investigate all aspects of this matter, yet chose to hastily move for summary judgment. Having made such determination, we need not address the merits of Brickyard's renewal motion.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment and order are affirmed, without costs.