■ DAVID DICKAN, Appellant, v STATE OF NEW YORK, Respondent. [790 NYS2d 572]—

Crew III, J. Appeals (1) from an order of the Court of Claims (Hard, J.), entered September 25, 2003, which denied claimant's motion to restore the claim to the court calendar, and (2) from an order of said court, entered April 1, 2004, which denied claimant's motion for reargument and/or renewal.

Claimant, a prison inmate, filed a claim in August 2000 alleging that defendant was negligent in failing to provide him with a safe means of alighting from his bunk bed, as a result of which he fell and sustained injuries. In October 2000, the Court of Claims entered an order directing that discovery be completed by September 14, 2001 and, further, that claimant file a note of issue by September 28, 2001. The record reveals that, in the

interim, the only discovery that took place was claimant's deposition by defendant.

Claimant failed to file a note of issue as directed, prompting the Court of Claims to, inter alia, enter an order in January 2003, ordering that claimant file a note of issue within 90 days or suffer dismissal pursuant to CPLR 3216. Claimant failed to file a note of issue and the Court of Claims dismissed the claim for failure to prosecute. Thereafter, the court denied claimant's motions to restore the claim to the calendar and for reargument and renewal. Claimant appeals from both orders.

We affirm. It is now axiomatic that the Court of Claims is authorized to dismiss a claim for failure to prosecute and deny restoration to the calendar in the absence of "good cause shown" (Court of Claims Act § 19 [3]; *see Shabazz v State of New York*, 191 AD2d 832 [1993], *lv dismissed and denied* 82 NY2d 736 [1993], *cert denied* 511 US 1094 [1994]). Dismissal pursuant to Court of Claims Act § 19 (3) is wholly discretionary and the record reveals no abuse of that discretion here.

With regard to claimant's motion for reargument or renewal, we need note only that the former is not appealable and the latter requires a proffer of newly discovered evidence, which showing was not made here (*see* CPLR 2221 [d], [e]; *Matter of Barnes v State of New York*, 159 AD2d 753, 753-754 [1990], *lv dismissed* 76 NY2d 935 [1990]). Accordingly, claimant's motions were properly denied.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders are affirmed, without costs.