■ EDGAR HERNANDEZ RAMIREZ, Appellant, v JUAN ROMUALDO, Respondent. [808 NYS2d 733]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated February 22, 2005, as granted that branch of the defendant's motion which was to vacate an order of the same court (Pincus, J.) dated December 21, 2001, granting the plaintiff's motion for leave to enter judgment on the issue of liability upon the defendant's default in appearing or answering and setting the matter down for an inquest on damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) to vacate his default in appearing or answering the complaint. The defendant demonstrated a reasonable excuse for the default by establishing that the Supreme Court did not have personal jurisdiction over him (see Smith v Smith, 291 AD2d 828 [2002]). The plaintiff's process server failed, as a matter of law, to exercise due diligence in attempting to effectuate personal service upon the defendant pursuant to the "nail and mail" method provided in CPLR 308 (4) (see Kambour v Farrar, 188 AD2d 719 [1992]; Miske v Maher, 156 AD2d 986 [1989]; Rossetti v DeLaGarza, 117 AD2d 793 [1986]). The affidavit of service indicated that the process server spoke to a person of suitable age and discretion at the defendant's actual dwelling place when he attempted service. Since service pursuant to CPLR 308 (2) could have been made with due diligence, the process server's resort to "nail and mail" service pursuant to CPLR 308 (4) was improper and did not confer personal jurisdiction over the defendant (see Kambour v Farrar, supra; Miske v Maher, supra; Rossetti v DeLaGarza, supra). Furthermore, the defendant demonstrated that he has a meritorious defense (see Lupowitz v Fogarty, 295 AD2d 576 [2002]; Abbate v Liss, 284 AD2d 487 [2001]; McKeaveney v Reiffert, 268 AD2d 411 [2000]). Cozier, J.P., Luciano, Fisher and Covello, JJ., concur.