LUTHER C. BROWN, Respondent, *v.* THOMPSON HILL DEVELOPMENT CORPORATION, Appellant.

**Contract — commissions — action for commission for procuring loan — employer within his rights in refusing proposed loan as not in accordance with terms of contract.**

The conditions of a contract employing a broker to procure a loan are not fulfilled by a proposed contract of loan, where by its terms the borrower, in addition to paying the rate of interest prescribed in the contract of employment, would be obliged to assume payment of taxes, which in law were a liability of the lender, and where both the amortization rate and expense of procuring the loan were larger than prescribed by the contract. The employer was within his rights in refusing to accept the loan and the broker's cause of action for commissions fails.

*Brown* v. *Thompson Hill Development Co.,* 222 App. Div. 727, reversed.

(Argued May 3, 1928; decided May 29, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 9, 1927, affirming a judgment in favor of plaintiff entered upon a verdict.

*I. Balch Louis* for appellant.   The undisputed evidence in the case establishes that the plaintiff failed to procure a party ready and willing to make the loan upon the terms which were the basis of the plaintiff's employment; or satisfactory to defendant.   (*Whalen* v. *Burkhardt,* 221 N. Y. Supp. 352; *Maxwell* v. *Alexander Hamilton Apartments,* 215 App. Div. 348; *Gallagher* v. *Dullea,* 199 App. Div. 119; *Haase* v. *Schneider,* 112 App. Div. 336; *Strout Farm Agency* v. *De Forrest,* 192 App. Div. 790; *Ansorge* v. *Kane,* 244 N. Y. 395.)

*James Marshall, Robert H. Hibbard* and *Eugene Untermyer* for respondent.   Plaintiff procured for the defendant at its request a party ready, able and willing to make a loan to the defendant upon the terms set forth by the defendant.   It was immaterial whether a binding agreement was entered into between the defendant and the Empire Company.   (*Holman* v. *Patton,* 227 N. Y. 22; *Davidson* v. *Stocky,* 202 N. Y. 423; *Tanenbaum* v. *Boehm,* 202 N. Y. 293; *Duclos* v. *Cunningham,* 102 N. Y. 678; *Phillips* v. *Kraft,* 136 App. Div. 859; *Brand* v. *Nagle,* 122 App. Div. 490; *Martin* v. *Weinman,* 107 App. Div. 482; *Wolfe & Co.* v. *Chasmore Const. Co.,* 129 Misc. Rep. 215; *Sheridan* v. *McLaughlin,* 172 App. Div. 314; *Schrag* v. *Cohn,* 125 Misc. Rep. 258.)

*Per Curiam.*   The plaintiff, a broker, sues to recover commissions for services in the procurement of a loan to be secured by a deed of trust covering defendant's land.

By the contract of employment the loan to be accepted by the defendant was to bear interest at the rate of six and one-half per cent.   It was to mature in ten years

[248 N. Y. 290]        Opinion *Per Curiam.*        [May,

with amortization at an average rate of four per cent per annum. The expense of procuring it was not to exceed twelve per cent, with one per cent commission for the services of the broker.

Plaintiff submitted to defendant a proposed contract of loan to be underwritten by the Empire Bond and Mortgage Company, the trustee under a deed of trust. Defendant refused to sign it, asserting that it departed in many ways from the terms of the loan prescribed by the contract of employment. This action for commissions followed.

We think the loan procured was not the loan prescribed, and that the defendant was within its rights in refusing to accept it. The loan prescribed by the contract of employment was to bear interest, as we have seen, at the rate of six and a half per cent. The loan procured bore interest at that rate and more. By its terms the borrower was to relieve the bondholders of the payment of the normal Federal income tax, not exceeding four per cent, due upon the bonds, and was to deposit with the trustee a sum sufficient to discharge the liability thus assumed. In addition, the borrower was to pay the personal property tax due from owners of the bonds by virtue of such ownership in Pennsylvania, Connecticut, Maryland, Massachusetts and the District of Columbia. This assumption of a liability which in law was owing by the lender was equivalent to an increase of the interest, since it was compensation for the use of money beyond the rate prescribed. Again, the loan called for by the employment was to be amortized at an average rate of four per cent per annum. The loan procured and tendered was to be amortized at an average rate of six and two-thirds per cent. There were other deviations in connection with the expenses of procurement. After payment of twelve per cent to the trustee and one per cent to the broker, the borrower was to pay for a surety company bond at a cost of $2,400, and was to deposit

a sum of money equal to one per cent of the proposed issue as security to the trustee that it would go forward with performance.

The plaintiff did not fulfill the conditions of the contract of employment. The cause of action, therefore, fails.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; POUND and KELLOGG, JJ., not sitting.

Judgments reversed, etc.