■ MIDLAND MORTGAGEE CORPORATION, Respondent-Appellant, v JOSEPH I. KAZARNOVSKY, Respondent, and MORTON L. GINSBERG, Appellant-Respondent.—In an action to recover a mortgage broker's commission, (1) the defendant Morton L. Ginsberg appeals from so much of a judgment of the Supreme Court, Queens County (Leviss, J.), dated August 8, 1985, as, after a nonjury trial, was in favor of the plaintiff in the principal amount of $81,250, and (2) the plaintiff cross-appeals from so much of the same judgment as dismissed the complaint as against the defendant Joseph I. Kazarnovsky.

Ordered that the cross appeal is dismissed for failure to perfect the same in accordance with the rules of this court (see, 22 NYCRR 670.20 [d]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant Ginsberg; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the defendant Ginsberg.

The defendant Morton L. Ginsberg sought the services of the plaintiff, a licensed real estate broker, in order to procure a $6,800,000 mortgage. The broker's commission was to be earned upon the making of a commitment by the lender, payable at closing. The plaintiff procured a commitment for a lesser amount, which Ginsberg accepted, but no closing occurred.

Although Ginsberg was at liberty to reject the commitment offered, the plaintiff earned its commission when Ginsberg accepted the commitment for the lesser amount (see, Weniger v Union Center Plaza Assocs., 387 F Supp 849; Gilder v Davis, 137 NY 504). Even if one views the payment of the commission as conditioned upon closing, the plaintiff is entitled to recover because Ginsberg refused to close after he accepted the commitment (see, Levy v Lacey, 22 NY2d 271).

We have examined Ginsberg's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.