■ Midland Mortgagee Corporation, Appellant, v 220 Highland Blvd. Realty Co. et al., Respondents.—In an action to recover a mortgage broker's commission, the plaintiff ap-

peals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Morrison, J.), dated May 10, 1988, which upon granting those branches of the defendants' motion which were for summary judgment dismissing the complaint against the individual defendants, is in their favor and against the plaintiff, (2) an order of the same court, dated October 21, 1988, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint against the defendant 220 Highland Blvd. Realty Co., and (3) an order of the same court, dated January 19, 1989, which denied the plaintiff's motion to vacate the order dated October 21, 1988.

Ordered that the order and judgment and the orders are affirmed, with one bill of costs.

The defendants sought the services of the plaintiff, a mortgage broker, in order to procure a mortgage. The broker's commission was to be earned upon the making of a commitment by the lender, payable at the closing. The plaintiff procured a commitment which, in its terms, varied substantially from the terms sought by defendants. Although the evidence indicated that the defendants may have considered accepting the commitment offered, they in fact decided otherwise. There having been no acceptance of the commitment, the plaintiff is not entitled to recover a commission *(see, Gilder v Davis,* 137 NY 504; *cf., Midland Mortgagee Corp. v Kazarnovsky,* 128 AD2d 595). Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.