14 DONALD ZUCKER COMPANY, Appellant, v DAVID LIEBERMAN et al., Respondents.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered January 30, 1991, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment, unanimously modified, on the law, to deny defendants' motion for summary judgment, and, as modified, affirmed without costs or disbursements.

This is an action to recover a brokerage commission of $24,000 based on an agreement with defendants in which plaintiff real estate broker agreed to obtain a mortgage commitment in the principal sum of $2,400,000 from Continental Realty Credit Co., Inc. (the "Lender") "in accordance with the application attached hereto" and "subject to the usual terms and conditions of the Lender". Defendants (the "Borrower") agreed to pay plaintiff a 1% commission if plaintiff obtained such a commitment. The attached application enumerated

"the basic terms of the requested loan" and sets forth certain specified closing requirements and the terms regarding funding of the loan, none of which includes or even suggests an escrow provision for repairs.

Approximately six weeks later, Continental advised defendants that "[s]ubject to the conditions herein outlined, this letter constitutes the commitment of [Continental] to grant a loan." The letter of commitment included numerous additional conditions that were not included in the Lender's loan application, one of which, the repair/escrow provision (Paragraph 15 [F]), required an inspection of the mortgaged property by a licensed engineer or architect to determine whether any structural and/or physical deficiencies existed. If the engineer determined that repairs were required, then, at the Lender's discretion, 130% of the estimated amount of the repair costs was to be escrowed from the loan closing funds, to be advanced to the Borrower only after completion of the designated repairs. Defendants refused to accept the commitment on the ground that this condition, as well as other additional conditions, materially altered, to their detriment, the parties' agreement and the attached mortgage application incorporated by reference therein. This action followed.

On the parties' motion and cross-motion for summary judgment, the IAS court, noting that the deduction of the funds for the repair/escrow requirement from the proceeds of the loan would have resulted in defendants receiving less than the agreed upon amount of the loan, held that since "the loan provided was not the loan presented[,] * * * defendants were within their rights in refusing to accept it." The court thus granted summary judgment in defendants' favor. We modify to deny defendants' motion for summary judgment.

Where the "loan procured" is not the "loan prescribed," the borrower is within his rights in refusing to accept it and a broker's action to recover a commission for services in the procurement of the loan must fail. (*Brown v Thompson Hill Dev. Corp.*, 248 NY 290, 292.) In this case, however, while the repair/escrow provision was not explicitly stated in the agreement between plaintiff and defendants, defendants did agree to be bound by Continental's "usual terms and conditions". Moreover, the mortgage application defendants submitted to Continental provides that defendants "must satisfy all of [Continental's] customary closing requirements." Thus, if, as claimed, the additional terms included in Continental's commitment are Continental's "usual terms and conditions" and are among its "customary closing requirements", defendants

cannot complain that the terms of the loan deviated from the loan plaintiff was hired to obtain. Summary judgment in defendants' favor was therefore improper.

On the other hand, since these questions turn on facts which are unavailable to defendants *(see,* CPLR 3212 [f]), summary judgment in plaintiff's favor is not warranted. *(Cf., Dibble v WROC TV Channel 8,* 142 AD2d 966, 968.) Concur— Sullivan, J. P., Milonas, Kupferman, Ross and Smith, JJ.