■ MULTILOAN MORTGAGE Co., LLC, Appellant, v ASIAN GARDENS LIMITED et al., Respondents. [757 NYS2d 312] —In an action, inter alia, to recover a mortgage broker's commission, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated October 18, 2001, as denied its motion for summary judgment on its first cause of action alleging breach of contract, denied its application for leave to amend the complaint, and granted those branches of the defendants' cross motion which were for summary judgment dismissing the first, second, and fourth causes of action, and the fifth cause of action insofar as asserted against the defendants Nomura Asset Capital Corp. and Nomura Securities International, Inc. Justice Luciano has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the application for leave to amend the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by (1) deleting the provision thereof denying the application for leave to amend the complaint and substituting therefor a provision granting that application, and (2) deleting the provision thereof granting those branches of the cross motion which were to dismiss the first and second causes of action insofar as asserted against Asian Gardens Limited and the fifth cause of action insofar as asserted against Nomura Asset Capital Corp. and Nomura Securities International, Inc., and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, Multiloan Mortgage Co., LLC (hereinafter

Multiloan), and American Nationwide Funding Corporation (hereinafter American Nationwide) are mortgage brokers. They collaborated on behalf of the defendant Asian Gardens Limited (hereinafter AGL) to find potential lenders for the refinancing and redevelopment of a shopping center AGL owns in California. As a result of their work, the defendant Nomura Asset Capital Corp. (hereinafter NACC) issued a letter of commitment dated February or March 1996 to AGL, offering a first mortgage loan in the amount of $20,750,000 and additional mezzanine financing in the amount of $2,250,000. The commitment letter stated that Multiloan and American Nationwide would receive .75% of the loan principal as their commission, and a separate agreement provided that the defendant Nomura Securities International, Inc. (hereinafter NSI), would receive a finder's fee from AGL for its loan placement services.

AGL declined to accept the offer for reasons which are in dispute. Unbeknownst to Multiloan, NACC issued a second commitment letter for a first mortgage loan of up to $25,000,000 in November 1996. The only broker that was mentioned in the letter was American Nationwide. The loan transaction between AGL and NACC closed in January 1997, and a commission was paid to American Nationwide.

Multiloan commenced the instant action against AGL, NACC, and NSI. Insofar as relevant to this appeal, the complaint asserted causes of action based on breach of contract, quantum meruit, conspiracy to defraud, and interference with contractual relations. Before making the motions at issue on this appeal, the defendants successfully moved to dismiss the cause of action alleging interference with contractual relations insofar as asserted against AGL.

Thereafter, upon the instant motions for summary judgment, the Supreme Court dismissed the causes of action based on breach of contract, quantum meruit, and conspiracy to defraud, and it dismissed the cause of action based on interference with contractual relations insofar as asserted against NACC and NSI. The court concluded that Multiloan failed to procure a loan within the time specified in the agreement, that Multiloan failed to find a lender with which AGL came to an agreement on essential terms of the loan, and that Multiloan did not submit any evidence to support a finding that the defendants deliberately schemed to avoid paying its commission. The Supreme Court further denied Multiloan's application to amend its complaint to state that no time limitation on its performance was imposed in its agreement with AGL.

There are issues of fact as to the terms of the alleged agree-

ment between Multiloan and AGL, including whether their agreement provided that Multiloan was required to find a lender within one year. The Supreme Court erred in denying Multiloan's application for leave to amend its complaint to state that there was no time limitation placed upon its performance since pleadings should be freely amended in the court's discretion as long as there is no undue prejudice (*see* CPLR 3025 [c]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957 [1983]; *Dal Youn Chung v Farberov,* 285 AD2d 524 [2001]).

Further, there are issues of fact as to whether Multiloan was the procuring cause of the loan obtained by AGL. In general, a mortgage broker earns a commission when it obtains a commitment letter from a lender which meets all the terms and conditions of the loan which the borrower stipulated to in the agreement with the broker (*see Zucker Co. v Lieberman,* 183 AD2d 553 [1992]; *Morse Co. v 3 Hanover Sq. Owners Corp.,* 156 AD2d 229 [1989]; *Midland Mortgagee Corp. v Kazarnovsky,* 128 AD2d 595 [1987]; *cf. Omni Funding Corp. v Minskoff,* 281 AD2d 288 [2001]; *Midland Mortgagee Corp. v 220 Highland Blvd. Realty Co.,* 156 AD2d 351 [1989]).

Multiloan presented evidence that it not only introduced AGL to NACC and NSI, but it also compiled a binder with sensitive financial information about AGL which it submitted to prospective lenders, including NACC, in support of AGL's application for a loan. Although the terms of the February/March 1996 and November 1996 commitment letters from NACC were different in some respects, the issue is whether the terms of the November 1996 commitment letter varied substantially from the terms of the loan which Multiloan agreed to obtain for AGL. As this issue cannot be determined as a matter of law on this record, the Supreme Court improperly granted the defendants' motion to dismiss the breach of contract and quantum meruit causes of action insofar as those causes of action were asserted against AGL. For the same reason, Multiloan's motion for summary judgment on its breach of contract cause of action was properly denied.

However, since there is no evidence that Multiloan had either an express or an implied agreement with NACC or NSI for the payment of its commission, the Supreme Court properly dismissed the first and second causes of action insofar as they were asserted against NACC and NSI.

NACC and NSI failed to establish that they were entitled to judgment as a matter of law dismissing the fifth cause of action, in which Multiloan alleged that they interfered with its contractual relations with AGL (*see generally Israel v Wood*

*Dolson Co.,* 1 NY2d 116, 120 [1956]; *Hansen & Co. v Everlast World's Boxing Headquarters Corp.,* 296 AD2d 103, 111 [2002]). The defendants' contentions that the terms offered in the November 1996 commitment letter were more favorable than the terms offered in the March 1996 commitment letter and that American Nationwide was paid a commission on the transaction do not conclusively demonstrate that they did not intentionally procure AGL's breach of its agreement with Multiloan.

The Supreme Court properly dismissed the fourth cause of action alleging conspiracy to defraud as the plaintiff failed to offer proof that misrepresentations were made by the defendants (*see Cohen v Houseconnect Realty Corp.,* 289 AD2d 277 [2001]), and New York does not recognize civil conspiracy as an independent cause of action (*see Daly v Messina,* 267 AD2d 345 [1999]).

The parties' remaining contentions are without merit. S. Miller, J.P., Friedmann, Luciano and Cozier, JJ., concur.