■ JUDITH A. BARTKOWSKI, Individually and Doing Business as RIGHT MORTGAGE, Respondent, v ROBERT LEMCKE et al., Appellants. [809 NYS2d 219]—

Peters, J. Appeals (1) from a judgment of the Supreme Court (Williams, J.), entered September 15, 2004 in Saratoga County, which, inter alia, partially granted plaintiff's motion for summary judgment, and (2) from an order and judgment of said court, entered March 28, 2005 in Saratoga County, which, inter alia, upon renewal, modified a prior judgment.

Plaintiff and defendant Gone With The Wind Marketing Corporation (hereinafter GWTW) are licensed mortgage brokers who assist clients in the placement of commercial loans with third-party lenders. In July 2003, plaintiff received a facsimile from defendant Robert Lemcke, owner of GWTW, advertising its commercial lending services. Plaintiff contacted Lemcke seeking the placement of a commercial loan on behalf of her client, Louis Olesen (hereinafter the borrower). After numerous telephone conversations, plaintiff and Lemcke arranged a $750,000 loan package through a third-party lender. The letter of intent specified the terms and conditions of the loan which included an interest rate at 7.75% for 15 years. It was also agreed that the borrower would pay both plaintiff and GWTW loan fees of $7,500 each at the closing. Plaintiff thereafter obtained numerous documents from the borrower, as requested by Lemcke, to effectuate the closing. At the closing, the proposed loan reflected an increased annual interest rate which was objected to by both plaintiff and the borrower. The borrower's attorney contacted Lemcke and the parties agreed to a new loan package for the same amount with a lower interest rate. Plaintiff contends that Lemcke further insisted, as a condition of closing on that day, that plaintiff's $7,500 fee be paid directly to GWTW, which would then distribute her fee to her after the closing. Plaintiff agreed. Following the closing, she made several attempts to collect her fee from defendants. Although she was eventually issued a check for the designated amount, it was unsigned. Defendants continually refused to issue a new check.

This action was commenced against both Lemcke and GWTW to recover the fee. After joinder of issue, there were cross motions for summary judgment. In September 2004, Supreme Court granted plaintiff's motion against GWTW, but found that

Lemcke could not be held personally liable. Defendants appealed from that judgment and plaintiff thereafter moved to renew, seeking judgment against Lemcke in his individual capacity due to further evidence about GWTW's corporate structure. Supreme Court modified its earlier judgment and granted judgment against Lemcke as well. This order and judgment was also appealed by defendants.

In our view, plaintiff, as the proponent of the motion, satisfied her burden of demonstrating her entitlement to the loan fee as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), since her evidence established that she negotiated and procured the borrower's financing on terms that did not vary substantially from the original agreement (*see Multiloan Mtge. Co. v Asian Gardens*, 303 AD2d 658, 660 [2003]; *CoE Assoc., LLC v Regulus Intl. Capital Co., Inc.*, 7 Misc 3d 1002[A], 2004 NY Slip Op 51861[U], *2; cf. Omni Funding Corp. v Minskoff*, 281 AD2d 288, 288 [2001], *lv denied* 96 NY2d 716 [2001]; *Donald Zucker Co. v Lieberman*, 183 AD2d 553, 554 [1992]). Thereafter alleging the existence of an oral agreement with defendants to recover her fee under conditions consistent with both the original letter of intent and other proffered documents, defendants' failure to tender the fee shifted the burden to them to raise a triable issue of fact. Defendants did not deny the existence of the oral agreement. Instead, they claimed that any alleged promise was inconsistent with 12 USC § 2603 and was barred by 12 USC § 2607 (a). We disagree and find the cited sections inapplicable to the transaction at issue (*see* 12 USC § 2602 [1] [A]). Moreover, since defendants admitted to their receipt of the $15,000 in fees and failed to explain how or why they would be entitled to the full amount despite plaintiff's efforts, we find no issue of fact raised to defeat plaintiff's prima facie showing against GWTW (*see Thomas v Laustrup*, 21 AD3d 688, 689 [2005]).

However, we find that plaintiff made an insufficient showing to hold Lemcke personally liable. No evidence ever addressed Lemcke's alleged dominion over GWTW, as its sole owner and director, from which Supreme Court could ascertain whether Lemcke abused the privilege of doing business in the corporate form and whether such abuse proximately caused plaintiff's injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *Matter of Island Seafood Co. v Golub Corp.*, 303 AD2d 892, 893 [2003]). For these reasons, judgment against Lemcke was improperly granted (*see Heim v Tri-Lakes Ford Mercury*, 25 AD3d 901 [2006] [decided herewith]; *Williams Oil Co. v Randy Luce E-Z Mart One*, 302 AD2d 736,

740 [2003]; *compare Austin Powder Co. v McCullough*, 216 AD2d 825, 827 [1995]).

Cardona, P.J., Crew III, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs. Ordered that the order and judgment is modified, without costs, by reversing so much thereof as, upon renewal, granted plaintiff's motion for summary judgment against defendant Robert Lemcke; said motion denied to that extent; and, as so modified, affirmed.