■ DAVID E. HEIM et al., Appellants, v TRI-LAKES FORD MERCURY, INC., et al., Respondents. [809 NYS2d 222]—

Kane, J. Appeals (1) from an order of the Supreme Court (Dawson, J.), entered September 16, 2004 in Essex County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered February 10, 2005 in Essex County, which denied plaintiffs' motion to renew.

Plaintiff David E. Heim was a passenger in an airplane that crashed near the Village of Lake Placid in Essex County, causing him injuries. In 2001, he and his wife, derivatively, commenced a negligence and product liability action against the pilot, the plane's manufacturer, the plane's owner, Duct Tape Err, Inc., the president of Duct Tape, Daniel Wills, and defendant John A. LaCroix, alleged to be an agent, officer and employee of Duct Tape. Plaintiffs later commenced this personal injury action against LaCroix and defendant Tri-Lakes Ford Mercury, Inc., asserting liability by attempting to pierce the corporate veil. Specifically, plaintiffs asserted that defendants owned the subject plane because they dominated Duct Tape and

used Duct Tape as a shell for their own activity of running an aircraft rental business. Under this theory, plaintiffs argued that defendants were strictly liable as owners of the plane, pursuant to General Business Law § 251.

To support their theory, plaintiffs made discovery demands for numerous corporate and financial records. After defendants failed to timely comply, plaintiffs moved to compel disclosure. During the pendency of the motion, defendants served a response which plaintiffs deemed deficient because many requests were refused as overly burdensome. Defendants cross-moved for summary judgment dismissing the complaint. Plaintiffs argued that they were prevented from fully responding to the motion based on defendants' failure to sufficiently comply with their disclosure demands. Supreme Court granted defendants' motion, reasoning that defendants did not own the plane, and plaintiffs failed to raise a material question of fact sufficient to pierce the corporate veil. The court denied plaintiffs' discovery motion as moot. After receiving subpoenaed records from American Express and discovery responses from Duct Tape in the separate 2001 litigation, plaintiffs moved to renew the motions in this case. Supreme Court denied the motion. Plaintiffs appeal both orders.

Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint because plaintiffs provided no basis to pierce the corporate veil. Piercing the corporate veil is an equitable doctrine which allows courts to disregard the corporate form whenever necessary to prevent fraud and hold corporate owners liable for the corporations' obligations (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 [1993]; *State of New York v Robin Operating Corp.*, 3 AD3d 769, 771 [2004]). This is a fact-based determination which generally requires a showing that the owners exercised complete domination of the corporation with respect to the transaction or matter at issue, and used that control to perpetrate a fraud or wrong against the plaintiff which led to the plaintiff's injury (*see Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 141; *Bartkowski v Lemcke*, 25 AD3d 894 [2006] [decided herewith]; *Rebh v Rotterdam Ventures*, 252 AD2d 609, 610 [1998]; *Lally v Catskill Airways*, 198 AD2d 643, 644-645 [1993]). "The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene" (*Matter of Morris v New York State Dept. of Taxation & Fin., supra* at 142).

Here, plaintiffs mainly rested on two assertions: that money given by LaCroix to Wills for Duct Tape to purchase the subject plane was not a loan, but an attempt to buy the plane without being on record as an owner; and that American Express credit card statements showed a joint account between Duct Tape and Tri-Lakes, indicating control and a disregard of the corporate form. Supreme Court reasonably relied on two documents filed with the Federal Aviation Administration (hereinafter FAA), the aircraft registration listing Duct Tape as owner and the aircraft security agreement documenting the mortgage on the plane held by LaCroix. Although the release of that mortgage was not filed with the FAA as required, the court reasonably relied on that document, which proved that LaCroix did not even possess a lienholder interest at the time of the accident. Wills' equivocal statements during his deposition could not refute this documentary evidence, and plaintiffs' attempts to portray LaCroix's involvement as anything other than a loan arrangement were pure speculation.

Similarly, plaintiffs' attempts to portray the American Express account as proof of collusion were unavailing. Defendants adequately explained, through LaCroix's affidavit, numerous credit card bills, bank statements and the affidavit of Tri-Lakes' former comptroller, that American Express erroneously listed the billing name on credit card customer transactions as Duct Tape, while the services were performed by Tri-Lakes and credits for payments appeared on Tri-Lakes' statements. This explanation was not refuted.

Plaintiffs were not entitled to have the motion held in abeyance pending further disclosure because they did not support their theories with proof, as opposed to mere hope or speculation, that further discovery would lead to competent evidence (*see Younger v Spartan Chem. Co.*, 252 AD2d 265, 268 [1999]). The record evidence shows that Wills is Duct Tape's sole shareholder, director and officer, and neither defendant has any interest in that corporation. LaCroix's loans for Duct Tape's purchase of planes and his friendship with Wills did not give LaCroix any dominion over Duct Tape or make him an owner of the planes. Plaintiffs' theory that defendants secretly control Duct Tape is speculative and based on the hope that liability can be established against some solvent party. While plaintiffs' discovery demands were related to their corporate veil theory, they failed to demonstrate "that further discovery may raise a triable issue of fact" (*Mitchell v Atlas Copco N. Am.*, 307 AD2d 635, 636 [2003]; *see Williams v General Elec. Co.*, 8 AD3d 866, 867 [2004]; *compare Giarguaro S.p.A. v Amko Intl. Trading,*

300 AD2d 349, 350 [2002]). Thus, Supreme Court properly dismissed the complaint.

Although plaintiffs presented new documents to support their motion to renew, Supreme Court properly denied that motion. Plaintiffs were required to "supply new facts substantial enough to 'change the prior determination' " (*Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d 834, 837 [2005], *lv dismissed and denied* 5 NY3d 846 [2005], quoting CPLR 2221 [e] [2]). The American Express documents merely showed that Duct Tape and Tri-Lakes were both listed on the bills, a fact known to the court when the original motions were decided. A disclosure response from the 2001 litigation, indicating that Duct Tape was not aware of any loans to it by defendants, was directly contradicted not only by Wills' deposition testimony, but by documents filed with the FAA. Hence, the court did not abuse its discretion in determining that this information would not have changed its prior determination (*see Matter of Cooke Ctr. for Learning & Dev. v Mills, supra* at 838; *Alexy v Stein*, 16 AD3d 989, 991 [2005], *lv dismissed and denied* 5 NY3d 755 [2005]).

Plaintiffs' remaining contentions are rendered academic by this decision.

Cardona, P.J., Crew III, Peters and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.