■ In the Matter of ANTONIO CERRO, Appellant, v WASHINGTON COUNTY BOARD OF SUPERVISORS et al., Respondents. [669 NYS2d 385] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 2, 1996 in Washington County, which, *inter alia*, in a combined proceeding pursuant to CPLR article 78 and an action for declaratory judgment, granted respondents' motions to dismiss the complaint/petition for failure to state a cause of action.

Petitioner challenges a determination by respondent Washington County Board of Supervisors to sell to the Warren and Washington Counties Industrial Development Agency (hereinafter IDA) a 49-acre parcel of real property which Washington County had previously acquired through in rem tax proceedings. The sale price was $50,101, that being the highest sum bid pursuant to an advertised sale. Petitioner, bidding $21,101, was the second highest bidder. In addition to claimed violations of his constitutional rights, petitioner alleges that the Board violated its own procedures for in rem tax sales in that the advertised terms of sale provided that any bidder found to owe taxes on any real property in Washington

County would have its bid rejected. Petitioner alleges that the IDA owed property taxes on several parcels of property in Washington County and, therefore, its bid should have been rejected. Petitioner also claims that the terms of sale were violated in that the balance of the purchase price was not paid within 30 days of the Board's approval of the sale.

Certain respondents moved to dismiss the petition arguing, *inter alia*, that IDA properties are tax exempt in accordance with General Municipal Law § 874 and that the payments reportedly due on County tax records were, in fact, payments in lieu of taxes, which are the contractual obligations of the lessees of IDA titled properties.* Supreme Court granted the motion to dismiss the petition and we affirm.

At the outset, we note that "[a]n offer to buy property does not confer upon the offeror a constitutional right" (*Matter of Davis v City of Syracuse*, 158 AD2d 976, 977); accordingly, petitioner's constitutional claims were properly dismissed. With respect to petitioner's argument that the Board violated its own terms of sale by not rejecting the IDA's bid, we are compelled to find that, in the absence of a showing of a statutory violation, this claim was also properly dismissed (*see, Matter of Glens Falls City School Dist. v City of Glens Falls Indus. Dev. Agency*, 196 AD2d 334, 338). It is axiomatic that the Board has the duty of obtaining the highest possible price for County-owned property which it sells (*see, Matter of Magnotta v Gerlach*, 301 NY 143). On this record, we find no basis to deviate from the general rule that a court must refrain from substituting its own judgment for that of a municipal board unless it is shown that such judgment was clearly illegal (*see,* 25 NY Jur 2d, Counties, Towns and Municipal Corporations, § 287, at 393-394), although our ruling should not be read as forever insulating an IDA which fails to collect and remit payments in lieu of taxes (*see,* General Municipal Law § 874 [3], [6]).

Finally, the same rationale applies to the claimed deviation from the terms of sale involving the payment of the balance of the bid. The IDA, in remitting the balance of the purchase price on May 24, 1996, relied in good faith upon the representation of the County Treasurer that payment was due within 30 days of the date of her letter (Apr. 25, 1996), as opposed to 30 days from the date of the Board's approval of the bid (Apr. 19, 1996). Not only is this deviation not in violation of any

---

* Petitioner properly points out that, although IDA properties are exempt from general real property tax levies, they are not exempt from special district taxes.

statute, we note that "[a]ll provisions with respect to the procedure for the enforcement of tax liens requiring acts to be done at or within or before specified times or dates * * * shall be deemed *directory* and failure to take such action at or within the time specified shall not invalidate or otherwise affect such tax lien * * * nor affect the title of the purchaser under such proceedings" (RPTL 1160 [2] [emphasis supplied]).

We need not reach the parties' remaining contentions.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.