■ BANK OF RICHMONDVILLE, Respondent, v TERRA NOVA INSURANCE COMPANY, LTD., et al., Appellants, and PATRICK K. COLLINS, Respondent, et al., Defendants. [694 NYS2d 206] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Hughes, J.), entered March 26, 1998 in Schoharie County, which granted defendant Patrick K. Collins' motion to compel defendants Terra Nova Insurance Company, Ltd. and Sphere Drake Underwriting Management, Ltd. to pay plaintiff the balance due on a certain mortgage, (2) from the judgment entered thereon, and (3) from an order of said court, entered May 27, 1998, which denied a motion by defendants Terra Nova Insurance Company, Ltd. and Sphere Drake Underwriting Management, Ltd. for reconsideration.

In 1995, defendant Patrick K. Collins was the owner of properties located at 10 Main Street and 15 West Main Street in the Village of Cobleskill, Schoharie County. In connection with a loan made to Collins by plaintiff, Collins executed a mortgage giving plaintiff a lien on both parcels. In accordance with the terms of the mortgage, Collins secured property insurance through defendants Terra Nova Insurance Company, Ltd. and Sphere Drake Underwriting Management, Ltd. (hereinafter collectively referred to as defendants) listing plaintiff as the mortgagee on the application. In December 1995, the property at 15 West Main Street was damaged by fire and, at that time, the balance on the mortgage was $82,535.18.

In April 1996, plaintiff made a claim against the proceeds of the insurance policy for the balance due on the mortgage. Defendants denied the claim on the basis that plaintiff was not a named mortgagee on the policy. In December 1996, plaintiff commenced this action against defendants, Collins and others seeking, *inter alia*, reformation of the insurance policy to name it as mortgagee and a lien against the insurance proceeds. In response to motions for summary judgment, Supreme Court, *inter alia*, ordered that the insurance policy be reformed.

Thereafter, following defendants' failure to make payments to plaintiff, Collins moved to compel defendants to pay plaintiff the mortgage balance as of the date of the fire. Although defendants opposed the motion on the ground that additional

discovery was needed, Supreme Court granted the motion and directed that judgment be entered in favor of plaintiff in the amount of $82,535.18 plus interest at the rate of $25.52 per day from the date of the fire, as well as costs and disbursements. Thereafter, defendants moved for reargument and renewal claiming, *inter alia*, that Supreme Court improperly granted the motion because Collins had sold one of the parcels in July 1996 and applied the proceeds to the outstanding mortgage, thereby reducing the balance due to an amount substantially less than $82,535.18. Supreme Court denied the motion. Defendants appeal from the order granting Collins' motion and the judgment entered thereon, as well as from the order denying their motion for reargument and renewal.

Addressing first Supreme Court's denial of defendants' motion for reargument and renewal, we note that no appeal lies from the denial of a motion for reargument (*see, Almond v Town of Massena*, 237 AD2d 94, 95). To the extent the motion was for renewal, defendants failed to present a justifiable excuse for not bringing to Supreme Court's attention the new facts relevant to the issue before the court at the time of the initial motion (*see, Wagman v Village of Catskill*, 213 AD2d 775, 775-776). Consequently, we decline to disturb the denial of the motion.

Turning to Collins' motion, defendants correctly contend that Supreme Court erred in granting a greater amount than that sought by plaintiff in the verified complaint. In that pleading verified by plaintiff's president on December 19, 1996, plaintiff represented that it was owed the sum of $28,892.48, plus taxes and interest, and demanded that amount in the ad damnum clause. In the motion to compel, on the other hand, Collins' attorney requested the court to award plaintiff the sum of $82,535.18, representing the amount due on the mortgage as of the date of the fire, plus interest, costs and disbursements, based upon a letter plaintiff's president prepared in April 1996. The discrepancy between the amount sought in the complaint and that requested in Collins' motion papers raises questions of fact concerning the amount due plaintiff. While we acknowledge that a mortgagee's interest in the proceeds of a fire insurance policy is "determined * * * by the total amount of its lien, including the outstanding principal amount of the debt plus interest, plus any amounts expended to protect its security * * * as of the date of the fire" (*Sportsmen's Park v New York Prop. Ins. Underwriting Assn.*, 97 AD2d 893, 894, *affd* 63 NY2d 998), this rule has no application to the amount a mortgagee is entitled to receive where the mortgagor has made payments to

reduce the mortgage indebtedness subsequent to the fire (*see generally*, *Builders Affliates v North Riv. Ins. Co.*, 91 AD2d 360, 362). Furthermore, we note that absent a motion to amend the complaint, damages awarded are limited to those requested in the ad damnum clause (*see*, *Reid v Weir-Metro Ambulance Serv.*, 191 AD2d 309, 309-310; *17 E. 80th Realty Corp. v 68th Assocs.*, 173 AD2d 245, 249; *Wyman v Morone*, 33 AD2d 168, 170). Therefore, Collins' motion should have been denied. In view of our disposition, we need not consider defendants' remaining contentions.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order entered March 26, 1998 and judgment entered thereon are reversed, on the law, without costs, and motion of defendant Patrick K. Collins denied. Ordered that the order entered May 27, 1998 is affirmed, without costs.