■ In the Matter of ANTONIO CERRO, Appellant, v WASHINGTON COUNTY BOARD OF SUPERVISORS et al., Respondents. [704 NYS2d 726] —Carpinello, J. Appeal from an order of the Supreme Court (Dier, J.), entered November 23, 1998 in Washington County, which, *inter alia*, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied petitioner's motion for renewal.

Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment to challenge a determination by respondent Washington County Board of Supervisors (hereinafter the Board) to sell a parcel of County-owned property for $50,100 to the Warren and Washington Counties Industrial Development Agency (hereinafter the IDA), the highest bidder at a sealed bid auction sale. Petitioner, the second highest bidder at $21,101, argued, *inter alia*, that the sale to the IDA should be set aside as the Board's own published rules prohibited any sale to a bidder owing taxes on real property in the County, a disqualification which petitioner argued applied to the IDA. Respondents initially opposed the petition by asserting that the IDA was exempt from the payment of real property taxes and that the "taxes" which appeared to be owed by the IDA were actually payments in lieu of taxes which were contractual obligations of the parcels' lessees, not the IDA itself. Respondents' motion to dismiss the complaint/petition was granted by Supreme Court. This Court affirmed (247 AD2d 726, *appeal dismissed* 92 NY2d 845, *lv denied* 92 NY2d 811).

Following our decision, petitioner filed a motion "for rehearing" in Supreme Court based largely on proof that the IDA was *not* totally exempt from the payment of real property taxes and that, in fact, it was delinquent in the payment of special district taxes on a number of parcels titled in its name at the time of the sale. Supreme Court dismissed this latest application, which it deemed to be a motion for reargument. Citing *Bray v Gluck* (235 AD2d 72, 74, *lv dismissed* 91 NY2d 1002), Supreme Court determined that the motion was made too late as this Court had already affirmed the dismissal of the action/proceeding.

We again affirm, albeit for a different reason than that articulated by Supreme Court. Since petitioner's application in part asserted new facts, it was a motion to renew properly brought before Supreme Court with its timeliness unaffected by the prior appeal (*see, Harrell v Koppers Co.*, 154 AD2d 340, 342; *see also*, Siegel, NY Prac § 254, at 414 [3d ed]). Notwithstanding the foregoing, affirmance is still warranted as petitioner has simply misread the basis for our prior decision. Our prior ruling was not predicated on whether the IDA was delinquent in the payment of real property taxes; indeed we recognized that although IDA properties are exempt from general real property taxes, they are not exempt from special district taxes (247 AD2d 726, 727, n, *supra*). Rather, we held that notwithstanding the perceived breach by the Board of its own rules, since the Board's decision did not violate a State statute we were not permitted to substitute our judgment for the Board's, especially where the sale of public property had to be at the highest possible price. Because the "new evidence" of the IDA's unpaid special district taxes was immaterial to the outcome of the proceeding, leave to renew was properly denied (*see, Amodeo v State of New York*, 257 AD2d 748, 749).

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.