■ N.A.S. PARTNERSHIP, Respondent, v KENNETH KLIGER-MAN, Appellant, et al., Defendants. [706 NYS2d 753] —Cardona, P. J. Appeal from an order of the Supreme Court (Connor, J.), entered January 14, 1999 in Greene County, which, *inter alia*, denied defendant Kenneth Kligerman's motion for reconsideration.

In August 1980, defendant Kenneth Kligerman (hereinafter defendant) purchased certain property located in the Town of Cairo, Greene County, from Arthur Uzzilia and executed a note and mortgage in favor of Uzzilia in connection with the transaction. Uzzilia died in June 1985 leaving a will which devised his interest in real property to his surviving spouse, Ann Uzzilia, and his residuary estate to the Arthur Uzzilia Revocable Trust (hereinafter the trust). In August 1996, the trust assigned its interest in the mortgage to plaintiff.

On March 3, 1997, plaintiff commenced this mortgage foreclosure action and filed a notice of pendency against the subject property in the office of the Greene County Clerk. On the same day, Ann Uzzilia, acting as executrix of Uzzilia's estate, executed an assignment of the mortgage to plaintiff which was recorded on March 12, 1997. Following joinder of issue, plaintiff moved for summary judgment. Supreme Court rendered a judgment of foreclosure and referred the matter to a Referee who scheduled a foreclosure sale for September 17, 1998. Prior to the sale, defendant moved for leave to renew and/or reargue his opposition to plaintiff's motion on the ground of newly discovered evidence. Plaintiff cross-moved for the imposition of sanctions. Supreme Court, *inter alia*, denied defendant's motion resulting in this appeal.

We affirm. Initially, we note that while the denial of that portion of defendant's motion seeking reargument is not appealable (*see, Matter of Gilson v National Union Fire Ins. Co.*, 246 AD2d 897, 898; *Pomygalski v Eagle Lake Farms*, 192 AD2d 810, 812, *lv denied* 82 NY2d 656), defendant's argument on appeal is confined to the denial of that aspect of his motion seeking leave to renew. In order to prevail on a motion to renew, the movant must demonstrate "both new facts to support the motion and a justifiable excuse for not initially placing such facts before Supreme Court" (*Wagman v Village of Catskill*, 213 AD2d 775, 775-776; *see, Matter of Gilson v National Union*

*Fire Ins. Co., supra,* at 898; *Matter of Barnes v State of New York,* 159 AD2d 753, *lv dismissed* 76 NY2d 935). This Court has recognized that "[r]enewal is by no means guaranteed and 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*Matter of Barnes v State of New York, supra,* at 754, quoting *Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994).

In his original papers in opposition to plaintiff's summary judgment motion, defendant challenged the validity of the assignment of mortgage on the ground that it was made without adequate consideration. Supreme Court rejected that argument and granted judgment in favor of plaintiff. In support of the motion for renewal, defendant cited deficiencies in the notice of pendency. Specifically, he argued that the notice did not include a legal description of the subject property as another basis for denying plaintiff's motion. Defendant averred that such newly discovered evidence "has only come to light within the past week when I reviewed the filed papers in the Greene County Clerk's Office". He did not, however, put forth any reasonable explanation for his failure to examine this document, a public record, in preparation of the original papers submitted in opposition to plaintiff's motion. This omission provided a legitimate basis for Supreme Court's denial of defendant's motion to renew (*see, Matter of Gilson v National Union Fire Ins. Co., supra; Wagman v Village of Catskill, supra*).

We further note that in reply papers submitted in connection with his motion to renew, defendant asserts that plaintiff is not entitled to a judgment of foreclosure because the second assignment of mortgage, executed *after* the commencement of the foreclosure action, was the only document that validly transferred an interest in the mortgage to plaintiff since such interest passed under Uzzilia's will to Ann Uzzilia, not the trust. Inasmuch as reply papers are intended to address contentions raised in opposition to the motion and not to introduce new arguments in support of the motion (*see, Azzopardi v American Blower Corp.,* 192 AD2d 453, 454; *Ritt v Lenox Hill Hosp.,* 182 AD2d 560, 562), we decline to consider defendant's assertion regarding the assignment.

Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.