In the Matter of a Trust Created by HARRY D. MALASKY, Deceased. MARION MALASKY et al., as Trustees of a Trust Created by HARRY D. MALASKY, Deceased, Respondents; CHARLOTTE R. MALASKY et al., Respondents, and PHILIP MANN, Appellant. [754 NYS2d 915] —Rose, J. Appeal from an order of

the Surrogate's Court of Ulster County (Czajka, S.), entered April 20, 2001, which denied respondent Philip Mann's motion for reconsideration.

This proceeding, which concerns a joint revocable living trust, has been before this Court on two prior occasions (290 AD2d 631; 275 AD2d 500). On October 13, 2000, Surrogate's Court granted petitioners' motions for preclusion based on respondents' failure to comply with an earlier discovery order and summary judgment dismissing many of respondents' objections. Although petitioner Marion Malasky appealed from a portion of this ruling (290 AD2d 631, *supra*), respondents filed no cross appeal. Instead, during the pendency of Malasky's appeal, respondent Philip Mann (hereinafter respondent) moved for reconsideration of the earlier motions. Surrogate's Court denied the motion, prompting this appeal.

We affirm. As Surrogate's Court aptly noted, respondent's motion largely parroted the information contained in the earlier motion papers, offered no reason why the few new facts could not have been presented earlier, and contended that the court had misapprehended the issues of law and fact. Thus, although also labeled a motion to renew, respondent's motion was primarily one for reargument and, to that extent, not subject to appellate review (*see* CPLR 2221 [d] [2]; *Aiello v Manufacturers Life Ins. Co. of N.Y.*, 298 AD2d 662, 663, *lv dismissed and denied* 99 NY2d 575; *Matter of Bernthon v Utica Mut. Ins. Co.*, 279 AD2d 728, 730; *Pixel Intl. Network v State of New York*, 228 AD2d 899, 901). To the extent that respondent's motion sought renewal (*see* CPLR 2221 [e] [2]), it was correctly denied because respondent provided no reasonable justification for his failure to present the new facts on the prior motions (*see Carota v Wu*, 284 AD2d 614, 617; *Bank of Richmondville v Terra Nova Ins. Co.*, 263 AD2d 786, 787). Nor is there any indication in either respondent's motion for reconsideration or his appeal as to how the new facts would alter the earlier rulings (*see Matter of Cerro v Washington County Bd. of Supervisors*, 270 AD2d 679, 680, *appeal dismissed* 95 NY2d 887).

Mercure, J.P., Crew III, Peters and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.