■ GINA CIPPITELLI, Appellant, v COUNTY OF SCHENECTADY et al., Respondents. [762 NYS2d 841] —Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered February 19, 2002 in Schenectady County, which denied plaintiff's motion to renew.

Plaintiff commenced this action in December 1992, asserting causes of action in negligence, intentional tort, nuisance and trespass. Essentially, plaintiff alleged that defendants* negligently operated, permitted operation or dumped waste at a landfill in the Town of Niskayuna, Schenectady County. This Court previously affirmed the dismissal of plaintiff's complaint, concluding that plaintiff willfully failed to respond to a motion to dismiss the complaint based on her noncompliance with a scheduling order (284 AD2d 823, 825 [2001], *lv denied* 97 NY2d 606 [2001]). Plaintiff thereafter moved pro se to renew (*see generally Matter of Cerro v Washington County Bd. of Supervisors*, 270 AD2d 679, 679-680 [2000], *appeal dismissed* 95 NY2d 887 [2000]) and Supreme Court denied the motion. Plaintiff appeals.

A party seeking renewal "must demonstrate newly discovered facts to support the motion and a justifiable excuse for not initially presenting those facts to the trial court" (*Matter of Dyer v Planning Bd. of Town of Schaghticoke*, 251 AD2d 907, 909 [1998], *appeal dismissed* 92 NY2d 1026 [1998], *lv dismissed* 93 NY2d 1000 [1999]). Because "renewal is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Carota v Wu*, 284 AD2d 614, 617 [2001] [internal quotation marks and citation omitted]), a party seeking that relief must provide a reasonable justification for the earlier failure to present such facts (*see* CPLR 2221 [e] [3]; *Matter of Malasky*, 302 AD2d 761, 762 [2003]). Here, plaintiff presented no new facts or newly discovered evidence that was unavailable to her at the time defendants moved to dismiss the complaint. Instead, she presented documentary evidence in support of the motion to renew, all of which could have been presented in opposition to the original motion to dismiss. Second, plaintiff failed to offer any reasonable excuse for failing to submit the evidence earlier. Accordingly, Supreme Court properly denied the motion.

Mercure, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

---

* We note that defendant Fred Jackson is deceased, and plaintiff, although notified of his death, has not moved pursuant to CPLR 1021 for a substitution.