In the Matter of COOKE CENTER FOR LEARNING AND DEVELOPMENT, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents. [797 NYS2d 173]—

Kane, J. Appeals (1) from a judgment of Supreme Court (Benza, J.), entered October 14, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State Education Department denying petitioner's request of funding approval, and (2) from an order of said court, entered November 17, 2004 in Albany County, which denied petitioner's motion to renew.

Petitioner is a not-for-profit corporation which provides

special education services for children with developmental disabilities. Of petitioner's various programs, only its "partial inclusion program" is at issue. This program provides educational services to disabled children in separate classrooms within general education school buildings, with opportunities for the disabled children to interact with nondisabled peers during art, music and other instructional courses, as well as lunch and homeroom. Petitioner applied to respondent State Education Department for approval of its partial inclusion program. Such approval would place the program on a list of nonpublic schools that public school districts could utilize for special educational services not available from the district. Approved schools are eligible for state funding. The Department denied petitioner's application because its program provides for inclusion with nondisabled children during instructional time, contrary to its interpretation of the regulatory requirements.

Petitioner commenced this proceeding seeking, among other things, to annul the Department's determination. Supreme Court found that the determination had a rational basis and dismissed the petition. Petitioner then unsuccessfully moved for leave to renew, arguing that it had discovered new evidence that the Department had previously approved programs similar to petitioner's, contrary to affidavits submitted by respondents in response to the original petition. Petitioner appeals the judgment dismissing its petition and the order denying its motion to renew.

Initially, we reject respondents' argument that petitioner lacks standing. Petitioner applied for approval to receive public funds for educating students with disabilities under 8 NYCRR 200.7. The "immediate parties to an administrative proceeding are aggrieved persons who may seek judicial review" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]). In any event, petitioner met the traditional requirements for standing—it was injured by denial of the right to receive public funds and the regulation's zone of interest includes private schools seeking respondents' approval to receive such funds (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]).

The Department's denial of petitioner's application was rational and consistent with state and federal law. The construction given statutes and regulations by the agency responsible for their administration should be upheld if not irrational or unreasonable; courts will annul determinations based on such constructions only if they were affected by an error of law, were arbitrary, capricious or an abuse of discretion (*see Matter of*

*Board of Educ. of City School Dist. of City of N.Y. v Mills*, 250 AD2d 122, 125-126 [1998], *lv denied* 93 NY2d 803 [1999]). Petitioner contends that the Department's construction of its regulation was irrational and in violation of state and federal law.

The federal Individuals with Disabilities Education Act (*see* 20 USC § 1400 *et seq.* [hereinafter IDEA]) and its implementing regulations assure that states receiving federal funding provide each child with a disability a "free appropriate public education" in the "[l]east restrictive environment" for that child (20 USC § 1412 [a] [1], [5]; *see* 34 CFR 300.550-300.553). New York adopted legislation to comply with the federal requirements (*see* Education Law §§ 4401-4410-b). The regulation at issue here, enacted to implement that legislation, provides that private schools can be approved for reimbursement from public funds only if there is "sufficient evidence to establish that the proposed program will serve only those students who, because of the nature or severity of their disability, would require a separate facility" (8 NYCRR 200.7 [a] [2] [i] [a]).

The Department construed this regulation to mean that if a private school program provides for mainstreaming or inclusion of disabled students with their nondisabled peers during instructional time, that program is not entitled to funding under the regulation. This interpretation is not contrary to the IDEA. The federal law prefers a "public" education, where a "child is educated in the school that he or she would attend if nondisabled," if possible (34 CFR 300.552 [c]; *see* 20 USC § 1412 [a] [1]). To be sure, the IDEA requires that children with disabilities generally be educated with nondisabled children and that "removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily" (20 USC § 1412 [a] [5] [A]; *see* 34 CFR 300.550 [b]). While the federal law strives for the maximum inclusion of disabled students into educational settings with their typically developing peers, these regulations recognize that the severity of a child's disability may render it highly impractical or impossible for that child to be educated along with nondisabled students.

The Department's construction of the regulation fits within the IDEA's scheme that students be educated in their local public schools if possible, with any assistance that is necessary, but if the nature or severity of the disability is such that the student cannot receive any instruction time with nondisabled peers,

then such students must be educated in a separate facility. Because those students have already been evaluated by their respective committees on special education and deemed incapable of participating in a mixed educational setting before being placed in separate facilities (*see* Education Law § 4402 [1] [b] [2]), the determination that programs in such facilities cannot contain an inclusion component is rational. Rather than violating the IDEA, the Department is complying with that law and the students' individualized education programs. Although a separate facility with no inclusion for instructional time may indeed be restrictive, it has already been determined to be the least restrictive environment for the relatively few students placed in such programs. If a student is capable of receiving instruction with nondisabled classmates, he or she would not be placed in a separate facility. This interpretation does not limit inclusion with nondisabled peers for noninstructional times, if appropriate for individual students (*see* 34 CFR 300.553 [requiring participation with nondisabled students in nonacademic settings]). We also note that courts should not interfere with the judgment of professional educators and government officials engaged in the complex process of educating the children in our state's schools (*see Matter of Community School Bd. Nine v Crew*, 224 AD2d 8, 13 [1996], *lv denied* 89 NY2d 807 [1997]). Because the Department's construction of its regulation is reasonable and complies with the law, we will not disturb its denial of petitioner's application on the basis that petitioner's partial inclusion program violated the regulation (*see Matter of Board of Educ. of City School Dist. of City of N.Y. v Mills, supra* at 125-126).

Supreme Court did not err in denying petitioner's motion to renew. To succeed on such a motion, the movant must supply new facts substantial enough to "change the prior determination" and a justifiable excuse for not placing such facts before the court initially (CPLR 2221 [e] [2]; *see N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922 [2000]). If the allegedly new facts were available while the initial motion was pending but were not presented because of the movant's lack of diligence, renewal will not be granted (*see N.A.S. Partnership v Kligerman, supra* at 923; *Wagman v Village of Catskill*, 213 AD2d 775, 776 [1995]). Here, petitioner submitted the applications of two schools which purportedly offer programs similar to petitioner and the Department's approval of those other programs within weeks of the denial of petitioner's application. Petitioner received these documents in response to Freedom of Information Law requests. Petitioner claims that it only became aware of such approvals after the New York Law Journal

published a story regarding the court's dismissal of its petition, and that it did not seek similar applications earlier because affidavits submitted by the Department's employees in opposition to the petition averred that no similar programs were approved. The Department responded to the motion to renew by affirming that the other two schools agreed to eliminate the inclusion portions of their programs before approval was granted, so that its employees were accurate in previously stating that no similar programs were approved. Notably, petitioner did not submit affidavits from representatives of either school controverting respondents' assertions. The court clearly stated that, even if petitioner was for some reason unable to unearth these applications earlier, these facts would not change the court's initial determination to dismiss the petition. Giving the trial court due deference, we will not disturb its determination (*see Alexy v Stein*, 16 AD3d 989, 991 [2005]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, without costs.