■ BRAD DAVIDSON, Respondent, v WACLAW AMBROZEWICZ et al., Appellants. (And a Third-Party Action.) [803 NYS2d 810]—

Mugglin, J. Appeal from an order of the Supreme Court (Clemente, J.), entered July 6, 2004 in Sullivan County, which denied defendants' motion to renew.

On a previous appeal, we affirmed summary judgment to plaintiff on his Labor Law § 240 (1) cause of action (12 AD3d 902 [2004]). Immediately after Supreme Court granted this motion, defendants moved to reargue, claiming that Supreme Court had overlooked facts with respect to the recalcitrant worker defense. This motion was denied in August 2003 and, in September 2003, defendants' present attorneys were substituted. In April 2004, defendants moved to renew, arguing for the first time that they are exempt from liability under Labor Law § 240 (1) because the building in question qualifies as an owner-occupied residence. Supreme Court denied defendants' motion concluding that law office failure was insufficient justification for failing to assert this defense on the prior motion. Defendants appeal.

We affirm. "This Court has consistently held that a motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted" (Wahl v Grippen, 305 AD2d 707, 707 [2003] [citations omitted]). We first note that defendants did not plead the affirmative defense of a homeowner's exemption under Labor Law § 240 (1) nor have they sought leave to amend. More importantly, defendants were well aware of the facts which they now claim constitute new evidence (see Cerasaro v Cerasaro, 9 AD3d 663, 665-666 [2004]; Wahl v Grippen, supra at 707). While courts have exercised their discretion to grant renewal in the interest of justice "upon facts which were known to the movant where the movant offers a reasonable justification for failing to submit them on the earlier motion" (Gomez v Needham Capital

*Group, Inc.*, 7 AD3d 568, 569 [2004]), in our view, no reasonable justification has been presented. In their initial motion papers, defendants' only attempt at justification was that plaintiff misrepresented the nature of defendants' building. In their reply papers, defendants merely note that the "oversight of defendants' former counsel" in failing "to assert the [h]omeowner's exemption as a defense . . . was understandable and therefore excusable." From the commencement of the underlying action neither the circumstances surrounding the accident nor the applicable principles of law have changed (*see e.g. Bartoo v Buell*, 87 NY2d 362, 368 [1996]; *Cannon v Putnam*, 76 NY2d 644, 648-651 [1990]). Thus, Supreme Court did not abuse its discretion in finding defendants' excuse unreasonable.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.