In the Matter of GEORGIA HARGETT, Appellant, v TOWN OF TICONDEROGA et al., Respondents. [809 NYS2d 237]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Dawson, J.), entered October 13, 2004 in Essex County, which, inter alia, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Town of Ticonderoga Highway Superintendent denying petitioner's request for the discontinuance of a public highway pursuant to Highway Law § 207, and (2) from an order of said court, entered March 22, 2005, which denied petitioner's motion for reconsideration.

Petitioner commenced this combined CPLR article 78 proceeding and action for a declaratory judgment as a result of the denial by respondent Town of Ticonderoga Highway Superintendent (hereinafter respondent) of petitioner's application to discontinue an 805-foot paved portion of a highway known as Bullrock Road in the Town of Ticonderoga, Essex County. In the CPLR article 78 proceeding, petitioner asserts that respondent's decision was arbitrary and capricious. In the action for declaratory judgment, petitioner seeks a declaration that (1) all requirements have been met to have the 805 feet of road discontinued and (2) respondents lack any jurisdiction or regulatory authority over any portion of Bullrock Road extending southerly from the end of the pavement. Supreme Court dismissed the CPLR article 78 petition and determined that the action for declaratory judgment was not before it either on motion or for trial, and severed it to await further proceedings. Petitioner's motion for leave to renew/reargue was denied by Supreme Court. Petitioner appeals.*

As a preliminary matter, we find no basis upon which to disturb Supreme Court's determination that the action for a declaratory judgment was not properly before it and severing it

---

* Insofar as the subsequent motion was one for reargument, the denial of such motion is not appealable (see Matter of Pravda v New York State Dept. of Motor Vehs., 286 AD2d 838, 839 [2001]). To the extent that it is for renewal, as petitioner does not address this issue in her brief, it is deemed abandoned (see Murry v Witherel, 287 AD2d 926, 926 [2001]).

for further proceedings. Further, with respect to Supreme Court's decision in the CPLR article 78 proceeding, we affirm. A petition to discontinue a highway is made pursuant to Highway Law § 207. Pursuant to that section, a town superintendent may discontinue a portion of a highway if it is the terminus of the highway, is unnecessary for highway purposes, is not greater than 1,000 feet in length and the owners of the land on both sides of the highway seek discontinuance by written petition. By the plain language of the statute, even if all elements are established, it is still discretionary with the highway superintendent whether or not to discontinue its use as a public highway. Here, respondent determined that petitioner failed to establish any of the statutory elements and refused to discontinue the highway.

Petitioner's property lies within lot 145 of the Sumnervale Patent. Bullrock Road runs in a general southeasterly direction from a point in the north boundary of this lot to a point in the south boundary of the lot. Petitioner's premises lie westerly of this road while premises now or formerly of S.P. Forests, LLC lie easterly of the road. Many of the deeds in the chain of title to both parcels reference the road as a common boundary. Petitioner's claim that she is the sole necessary petitioner arises from a 2003 survey, the testimony of her surveyor and engineer and an affidavit of a representative of S.P. Forests. Our review of the record leads us to the conclusion reached by Supreme Court that respondent's decision that petitioner does not own property on both sides of the highway was not arbitrary and capricious.

First, the most recent deed to petitioner—from her and her brother—is based on the 2003 survey and describes her property in two parcels. The first parcel conveyed by warranty deed all of that portion west of Bullrock Road and references the parcel as abutting the lands of S.P. Forests along the entire length of Bullrock Road as shown on the survey. The second parcel consists of approximately 1.5 acres and was conveyed by quitclaim deed only. This parcel lies easterly of Bullrock Road and consists of an irregularly shaped, narrow parcel approximately 1,000 feet in length between Bullrock Road and what the surveyor has described as the "possible old centerline alignment of old Bull Rock Road." However, there is no record support for the proposition that the location of the road was ever changed nor could the surveyor do more than opine that an old woods road, eventually obscured by underbrush, was the location of Bullrock Road over a century ago when some of the deeds in the chain of title refer to it. In addition, the affidavit

from S.P. Forests' representative, that it had no interest in the paved portion of Bullrock Road, does nothing to confirm title on both sides of the road in petitioner. As petitioner failed to establish ownership on both sides of the highway, we need not consider her arguments concerning the other statutory elements.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment and order are affirmed, without costs.