■  Roy Johnson et al., Appellants, v Title North, Inc., Respondent. (And Another Related Action.) [820 NYS2d 345]—

Cardona, P.J. Appeal from an order of the Supreme Court (Aulisi, J.), entered April 20, 2005 in Warren County, which denied plaintiffs' motion to renew and reargue.

In 1988, plaintiffs purchased a vacant parcel of real property on Lake George in the Town of Hague, Warren County. Following that transaction, it was discovered that the parcel was encumbered by a permanent drainage easement which prevented plaintiffs from building a home thereon. As a result, plaintiffs commenced this action in 1991 against defendant, alleging that it was retained by plaintiffs to insure title to the parcel and negligently failed to detect the easement.[1] Supreme Court thereafter granted defendant's motion for summary judgment dismissing the complaint upon defendant's submission of proof that it was not retained to perform a full title search on the subject premises and was, therefore, not liable for failing to discover the easement.[2] Plaintiffs then moved to reargue and/or renew, claiming that, at the time that defendant was retained by plaintiffs, it had a preexisting abstract in its possession which set forth the easement. Supreme Court denied the motion, concluding that the portion seeking reargument was untimely (*see* CPLR 2221 [d] [3]) and that renewal was unavailable due to plaintiffs' failure to explain why the proffered information was not submitted in opposition to the summary judgment motion (*see* CPLR 2221 [e] [3]). As limited by their brief, plaintiffs now appeal from that part of the order denying them leave to renew,[3] and we affirm.

" 'This Court has consistently held that a motion to renew

**1.**  Plaintiffs also commenced a separate action against Lawyer's Title Insurance Corporation which has since been joined with the present action. Plaintiffs causes of action against Lawyer's Title are not a subject of this appeal.

**2.**  Plaintiffs' appeal from the order granting defendant summary judgment was dismissed for want of prosecution.

**3.**  As plaintiffs note, an order denying a party leave to reargue is not appealable (*see Matter of Hargett v Town of Ticonderoga,* 25 AD3d 981, 981 n [2006]).

must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted' " (*Davidson v Ambrozewicz*, 23 AD3d 903, 903 [2005], quoting *Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *see Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d 834, 837 [2005], *lv dismissed and denied* 5 NY3d 846 [2005]; *N.A.S. Partnership v Kligerman*, 271 AD2d 922, 922-923 [2000]). In our view, plaintiffs have not established a justifiable excuse for failing to produce the abstract at issue in opposition to defendant's summary judgment motion.

Although plaintiffs aver that they should be granted "greater leeway" due to the fact that they were unrepresented by counsel while opposing defendant's motion, we have specifically held, in the renewal context, that "[a] *pro se* litigant acquires no greater rights than any other litigant" (*Lake George Park Commn. v Salvador*, 245 AD2d 605, 606 [1997], *lv dismissed and denied* 91 NY2d 939 [1998]; *cf. Brooks v Inn at Saratoga Assn.*, 188 AD2d 921, 921 [1992]). Accordingly, plaintiffs were required to lay bare their proof in opposition to the summary judgment motion (*see Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 625 [2004], *lv dismissed and denied* 4 NY3d 738 [2004]) and, inasmuch as the title abstract was in existence prior to the 1988 closing, plaintiffs failed to demonstrate that it could not have been produced earlier with due diligence (*see Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003]; *N.A.S. Partnership v Kligerman, supra* at 923). Finally, since plaintiffs did not demonstrate a reasonable excuse for not submitting the abstract sooner, Supreme Court properly declined to grant plaintiffs' motion in the interest of justice (*see Davidson v Ambrozewicz, supra* at 903-904; *Stocklas v Auto Solutions of Glenville, Inc., supra* at 625; *see also Greene v New York City Hous. Auth.*, 283 AD2d 458, 459 [2001]).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.