■ ALBANK, FSB, Plaintiff, v HENRY N. DASHNAW JR. et al., Appellants. DIANE WEBSTER BRADY, Respondent. [830 NYS2d 792]—

Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 16, 2006 in Clinton County, which denied defendants' motion to vacate a prior order discharging the receiver.

In the course of this mortgage foreclosure action, an attorney was appointed the receiver of rents. Although the underlying action was essentially resolved by plaintiff's July 2002 execution of a discharge of mortgage, defendants (the four obligors on the mortgage) thereafter claimed that the receiver breached her fiduciary duties and negligently performed her receiver services. In February 2003, Supreme Court thus authorized them to commence an action against her to assert such claims. For reasons not clear from this record, the complaint was not filed until September 2003. Importantly, in the interim, defendants filed a motion in the context of this foreclosure action to hold the receiver in contempt for failure to file a proper accounting. The receiver, in turn, sought approval of a supplemental accounting and an order of discharge.

In August 2003, Supreme Court denied defendants' motion for contempt and granted the receiver's motion for a discharge conditioned only on her compliance with the filing requirements of 22 NYCRR 202.52 (e). In September 2003, the receiver was granted an unqualified discharge. It is conceded that no appeal was ever filed by any party from either the August 2003 or September 2003 orders. Confronted with seemingly inconsistent orders—one authorizing suit against the receiver and two others authorizing her discharge—in October 2005 defendants sought to vacate the September 2003 order. Supreme Court declined to exercise its discretion to vacate such order prompting this appeal by defendants. We now affirm.

Defendants Michael A. Dashnaw and Kimberly A. Dashnaw-Passino claim that they were never served with the receiver's motion papers and therefore Supreme Court erred in failing to vacate the September 2003 order. This argument is premised on their contention that both were appearing pro se in this action at the time of the subject motion. Such argument, however, is directly contradicted by two separate sworn statements of Robert Rock, an attorney, in which Rock affirmatively states that he represents both of these defendants. Specifically, in a May 29, 2003 affidavit submitted in support of the motion to hold the receiver in contempt, and again in a July 9, 2003 affirmation in opposition to the receiver's motion for an order of discharge, Rock unequivocally avers that he was the attorney for all four defendants herein, including Michael Dashnaw and Kimberly Dashnaw-Passino.

It is axiomatic that "as soon as it is perceived that a party is appearing by attorney, all further contacts with that party by the opposing attorney, including the service of papers, must be made through the attorney" (Siegel, NY Prac § 202, at 333 [4th ed]). Here, the receiver cannot be penalized for not serving defendants individually after Rock affirmatively indicated that he was representing each of them (see Matter of City of Buffalo, 142 AD2d 1004, 1004 [1988]). The receiver was thus authorized to effect service of her application for an order of discharge on Rock (see CPLR 2103 [b]).

For their part, defendants Henry N. Dashnaw Jr. and Kevin Dashnaw contend that Supreme Court should have granted the motion to vacate "in the furtherance of justice" and that its failure to do so was an abuse of discretion. We are unpersuaded. A motion to vacate "is addressed to the sound discretion of the court, and will not be disturbed absent a clear abuse of that discretion" (Solomon v Solomon, 27 AD3d 988, 989 [2006] [citations omitted]). Under the circumstances of this case, we cannot say that Supreme Court, which found that the equities did not weigh in favor of defendants, committed such a clear abuse of discretion in refusing to vacate the order years after the receivership effectively terminated, especially since defendants could have sought control of the property after the mortgage was discharged in 2002.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.