■ FIRST UNION NATIONAL BANK, as Trustee, Respondent, v RICHARD E. WILLIAMS et al., Defendants. PROPERTY PARTNERS, LLC, Appellants. [845 NYS2d 189]—

Mugglin, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered July 10, 2006 in Rensselaer County, which, among other things, upon renewal, vacated the foreclosure sale held on the residence of defendants Richard E. Williams and Nancy J. Williams.

A foreclosure sale of the home of defendants Richard E. Williams and Nancy J. Williams (hereinafter collectively referred to as defendants) was scheduled to take place on September 12,

2005. Defendants negotiated a repayment agreement with plaintiff, and plaintiff unsuccessfully attempted to contact the referee to cancel the sale. Unaware of these events, the referee sold the property to Property Partners, LLC (hereinafter Partners) for $81,000. When plaintiff learned that the foreclosure sale had occurred, it first sought Partners' consent to vacate it. When Partners refused, plaintiff moved in Supreme Court to vacate it, claiming that the sale was made as a result of a mistake which cast doubt on the fairness of the transaction. Following Supreme Court's denial of the motion, plaintiff sought renewal and reargument of the vacatur motion, claiming that Partners had failed to tender the balance of the purchase price within 30 days of the sale and that equitable grounds existed warranting vacatur of the sale. Supreme Court granted renewal and vacated the sale on the ground that Partners defaulted in performance and on equitable grounds. Partners now appeals.

As an initial matter, we reject Partners' contention that Supreme Court erred in granting plaintiff's motion to renew. The motion was supported by the affidavit of Nancy Williams, who alleged the terms and conditions of the repayment agreement with plaintiff and defendants' reliance upon plaintiff's representation that the foreclosure sale would therefore be cancelled. Subsequently, Supreme Court authorized plaintiff to supplement its motion to renew by offering evidence concerning the valuation of the property and that Partners had defaulted by failing to tender the balance of the purchase price. We find no merit to Partners' complaints since the original motion to renew was made before expiration of the period in which Partners was to perform the contract of sale and the evidence of market value came principally from Partners' own papers. It is well settled that " '[a] motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted' " (*Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007], quoting *Wahl v Grippen*, 305 AD2d 707, 707 [2003]; *see* CPLR 2221 [e]; *Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003]). Plaintiff's explanation that an affidavit of defendants was not previously submitted since they believed defendants would join in the motion to vacate the sale was reasonable and provided an ample basis upon which Supreme Court could exercise its discretion. Moreover, we generally decline to disturb the decision to grant or deny a motion to renew absent an abuse of the trial court's discretion (*see De Cicco v Longendyke*, 37 AD3d 934, 935 [2007]; *Matter of Hunter v New York State Bd. of Elections*, 32 AD3d

662, 663 [2006]; *Heim v Tri-Lakes Ford Mercury, Inc.*, 25 AD3d 901, 904 [2006], *lv denied and dismissed* 6 NY3d 886 [2006]; *Rizzo v St. Lawrence Univ.*, 24 AD3d 983, 984 [2005]). Here, we find no abuse of discretion with respect to allowing evidence concerning Partners' default or evidence of the value of the property.

Turning to the substantive argument, we agree with Supreme Court that the existence of equitable grounds and Partners' default provide ample basis for vacating the sale to Partners. It is undisputed that Partners failed to tender performance to complete the purchase of the property in accordance with the terms of the foreclosure sale. Partners' present claim, that the referee refused to convey the property as a result of the pending vacatur motion, does not operate to relieve Partners of its duty to tender performance or to demand that a closing be scheduled (*see Lower v Village of Watkins Glen*, 17 AD3d 829, 831 [2005]). Additionally, evidence of defendants' reliance upon plaintiff's cancellation of the foreclosure sale and evidence that the actual value of defendants' property was in excess of $200,000, which would result in a significant loss to defendants and a windfall to Partners, provides a sufficient equitable basis to support Supreme Court's exercise of discretion to vacate the sale (*see Harbor Fin. Mtge. Corp. v Hurry*, 277 AD2d 693, 694 [2000]). Thus, we find no basis upon which to disturb Supreme Court's determination (*see Albany, FSB v Dashnaw*, 37 AD3d 932, 934 [2007]).

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.