■ MITCHELL KHAN et al., Respondents, v DAVID H. LEVY, Appellant, et al., Defendant. [859 NYS2d 308]—

Kavanagh, J. (1) Appeal from an order of the Supreme Court (Teresi, J.), entered December 6, 2007 in Greene County, which denied defendants' motion to renew, and (2) motion to dismiss appeal.

Since 2001, plaintiffs and defendants have owned, as tenants in common, a lake house located on Sleepy Hollow Lake in the Town of Coxsackie, Greene County. Plaintiffs, a married couple, and defendants, a married couple, each own a one-half interest in the property. By 2006, plaintiffs expressed their desire to terminate the parties' shared ownership of the property and discussions regarding that termination ensued. However, when issues such as the value of the property could not be resolved, plaintiffs commenced this action seeking partition or sale of the property (*see* RPAPL 901). Following defendants' answer, plaintiffs moved for summary judgment and the appointment of a referee to oversee the partition/sale. Supreme Court granted plaintiffs' motion and appointed a referee.

At the referee's hearing, plaintiffs submitted, for the referee's consideration, a written agreement between the parties which had been signed by each plaintiff and each defendant in April 2001. This agreement, among other things, included a provision that allowed for the sale or bequest of one couple's share of the property and also included a method for valuing one couple's share under such circumstances if the other couple were to purchase that share. Alleging that the written agreement was

newly discovered evidence, defendants moved to renew their opposition to plaintiffs' summary judgment motion. In the motion to renew, defendant David H. Levy (hereinafter defendant) claimed that while he "vaguely" remembered that there was an agreement in place in the event one of the parties wanted to terminate the shared ownership in the property, he had forgotten that it had been reduced to writing and, in fact, had not remembered this writing until plaintiffs submitted it to the referee. Supreme Court denied the motion to renew and defendant now appeals.*

As an initial matter, plaintiffs have made a motion to dismiss the present appeal as moot. Inasmuch as the rights and interests of the parties remain undetermined pending the outcome of this appeal, it has not been rendered moot by plaintiffs' purchase of the subject property at public auction (*see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO*, 72 NY2d 307, 311 [1988], *cert denied* 488 US 966 [1988]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]; *Matter of New York Temporary State Commn. on Lobbying v Crane*, 49 AD3d 1066, 1068 [2008]), and plaintiffs' motion is, therefore, denied.

Turning to the issues raised in the appeal, a motion to renew must be "based upon new facts not offered on the prior motion that would change the prior determination . . . [and] shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e]; *see Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]; *Johnson v Title N., Inc.*, 31 AD3d 1071, 1071-1072 [2006]; *Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d 834, 837 [2005], *lv dismissed and denied* 5 NY3d 846 [2005]; *Stocklas v Auto Solutions of Glenville, Inc.*, 9 AD3d 622, 625 [2004], *lv dismissed and denied* 4 NY3d 738 [2004]; *Cippitelli v County of Schenectady*, 307 AD2d 658, 658 [2003]). "Moreover, we generally decline to disturb the decision to grant or deny a motion to renew absent an abuse of the trial court's discretion" (*First Union National Bank v Williams*, 45 AD3d 1029, 1030 [2007] [citations omitted]; *see Matter of Cooke Ctr. for Learning & Dev. v Mills*, 19 AD3d at 838). Here, Supreme Court found that there was "no justification for [d]efendants' failure to obtain and submit the agreement" with defendants' papers in opposition to the summary judgment motion. We agree. Defendant does not dispute that both he and his wife signed the April 2001 agreement. Furthermore, in his papers on the motion to renew, he stated

---

* While both defendants apparently brought the motion to renew, only defendant has appealed Supreme Court's denial of the motion.

that when this action arose, he remembered the parties had an agreement in place, yet never made mention of this agreement in his opposition to the summary judgment motion.

Renewal is not a means by which to remedy the failure to present evidence which, with due diligence, could have been produced at the time of the original motion (*see Tibbits v Verizon N.Y., Inc.,* 40 AD3d at 1303; *Johnson v Title N., Inc.,* 31 AD3d at 1072; *Matter of Cooke Ctr. for Learning & Dev. v Mills,* 19 AD3d at 837; *N.A.S. Partnership v Kligerman,* 271 AD2d 922, 923 [2000]). Even if we were to accept defendant's assertion that he forgot about the written agreement, Supreme Court did not abuse its discretion in concluding that this excuse was not a reasonable justification for not obtaining the agreement for submission with the original motion (*see Johnson v Title N., Inc.,* 31 AD3d at 1072; *N.A.S. Partnership v Kligerman,* 271 AD2d at 923). Moreover, to the extent that defendant seeks reversal of Supreme Court's order in the interest of justice, in light of defendant's failure to present a reasonable justification for his failure to submit the agreement with the prior motion, we decline to do so (*see Johnson v Title N., Inc.,* 31 AD3d at 1072; *Stocklas v Auto Solutions of Glenville, Inc.,* 9 AD3d at 625).

Cardona, P.J., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the motion to dismiss the appeal is denied, without costs. Ordered that the order is affirmed, without costs.