OPINION OF THE COURT
George B. Ceresia, Jr., J.
The petitioner, an inmate currently at Hale Creek ASACTC, was convicted of the crime of criminal sale of a controlled substance in the third degree, a class C felony. He submitted an application to participate in the comprehensive alcohol and substance abuse treatment (CASAT) program. The application was approved by the Temporary Release Committee and the Superintendent of Livingston Correctional Facility. The application was denied by the Temporary Release Reviewer on June 22, 2007. The petitioner filed an administrative appeal with respondent Joy. On September 24, 2007, respondent Joy affirmed the determination of the Temporary Release Reviewer. The petitioner commenced the above-captioned CPLR article 78 proceeding seeking review of the determination to deny him participation in the CASAT program. Among the arguments the petitioner advanced, he pointed out that the sentencing judge, pursuant to Penal Law § 60.04 (6), had issued an order directing that he be admitted to a CASAT program.[1] This court found the argument to have merit. In a decision-order-judgment dated September 9, 2008 the court, relying in part upon Matter of *1032 Bailey v Joy (11 Misc 3d 941 [Sup Ct, Westchester County 2006]), granted the petition and directed that the petitioner be admitted to the CASAT program within 30 days.
The respondent has now made a motion to reargue and renew the decision-order-judgment dated September 9, 2008. The respondent indicates that it is respondent’s intention to enroll the petitioner in the CASAT program, but not in phase 2 of the program, which includes presumptive work release. The petitioner has not submitted any papers in opposition to the motion.
A motion to reargue, directed to the sound discretion of the court, must demonstrate that the court overlooked, misapplied or misapprehended the relevant facts or law (see CPLR 2221 [d] [2]; Loris v S & W Realty Corp., 16 AD3d 729, 730 [3d Dept 2005]; Matter of Smith v Town of Plattekill, 274 AD2d 900, 901-902 [3d Dept 2000]; Spa Realty Assoc. v Springs Assoc., 213 AD2d 781, 783 [3d Dept 1995]; Grassel v Albany Med. Ctr. Hosp., 223 AD2d 803, 804 [3d Dept 1996]). Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided (see Foley v Roche, 68 AD2d 558, 567 [1st Dept 1979]). A motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal (see CPLR 2221 [e] [2]; First Union National Bank v Williams, 45 AD3d 1029, 1030-1031 [3d Dept 2007]; Spa Realty Assoc. v Springs Assoc. at 783; Grassel v Albany Med. Ctr. Hosp. at 804), or upon a demonstration that there has been a change in the law that would change the prior determination (see CPLR 2221 [e] [2]). It must also demonstrate a reasonable justification for not placing such new facts before the court on the original application (see CPLR 2221 [e] [3]; First Union National Bank v Williams, supra; see also Spa Realty Assoc; v Springs Assoc. at 783-784; Grassel v Albany Med. Ctr. Hosp. at 804; Matter of Barnes v State of New York, 159 AD2d 753, 753-754 [3d Dept 1990]). “Renewal is not a means by which to remedy the failure to present evidence which, with due diligence, could have been produced at the time of the original motion” (Kahn v Levy, 52 AD3d 928, 930 [3d Dept 2008], citing Tibbits v Verizon N.Y., Inc., 40 AD3d 1300, 1303 [2007], Johnson v Title N., Inc., 31 AD3d 1071, 1072 [2006], Matter of Cooke Ctr. for Learning & Dev. v Mills, 19 AD3d 834, 837 [2005], and N.A.S. Partnership v Kligerman, 271 AD2d 922, 923 [2000]).
Turning first to the motion to renew, the only new information is that contained in the affidavit of respondent Joy. The re *1033 spondent has not presented reasonable justification for not placing the new facts before the court on the original application (see CPLR 2221 [e] [3]; First Union National Bank v Williams, supra). The court finds that as a motion to renew, it must be denied.
With respect to the motion to reargue, the decision of the Temporary Release Reviewer recited, in part, as follows:
“This is to advise you that the temporary release application for the above individual has not been approved by the Central Office [ ] Reviewer for the following reasons: I/O Nature, Recdvst Hst, Other. “Reviewer’s Comments:
“RAP/Folder Review. The inmate’s present offense is Att CSCS 3, this is his 2nd state term. This offense involved the sale of crack/cocaine to an undercover police officer. The inmate’s legal history includes prior convictions for Assault 3, and CPW 4. Noted is his acceptable disciplinary record. However, his inability to live a crime free lifestyle renders him an unsuitable candidate for presumptive work release. The inmate will be reviewed for CASAT Phase I Treatment, consistent with the sentencing Judge’s order, at a later date.
“You may reapply for presumptive work release after 07/2009.”
The decision of respondent Joy recited:
“In accordance with the established rules and regulations of the temporary release program, I have reviewed your appeal of the Central Office Reviewer’s decision. After considering all factors both positive and negative, including your comments and available records and facility and program adjustment, I have affirmed the decision of the Central Office Reviewer.”
Penal Law § 60.04 (6) recites as follows:
“Substance abuse treatment. When the court imposes a sentence of imprisonment which requires a commitment to the state department of correctional services upon a person who stands convicted of a controlled substance or marihuana offense, the court may, upon motion of the defendant in its discretion, issue an order directing that the department of correctional services enroll the defendant in the comprehensive alcohol and substance *1034 abuse treatment program in an alcohol and substance abuse correctional annex as defined in subdivision eighteen of section two of the correction law, provided that the defendant will satisfy the statutory eligibility criteria for participation in such program. Notwithstanding the foregoing provisions of this subdivision, any defendant to be enrolled in such program pursuant to this subdivision shall be governed by the same rules and regulations promulgated by the department of correctional services, including without limitation those rules and regulations establishing requirements for completion and those rules and regulations governing discipline and removal from the program. No such period of court ordered corrections based drug abuse treatment pursuant to this subdivision shall be required to extend beyond the defendant’s conditional release date.”
The respondent, on the initial application, took the position that irrespective of the existence of a court order from the sentencing judge, the respondent had full discretion under Correction Law § 851 to determine whether or not an inmate could participate in the CASAT program. No attempt was made by the respondent to differentiate between the various phases of the CASAT program, or to provide any analysis of the provisions of Penal Law § 60.04 (6). On the instant motion, the respondent points out that there are three different phases of CASAT (see 7 NYCRR 1950.2). Phase 1 consists of alcohol and substance abuse treatment in a correctional facility annex (see id.). Phase 2 is a transitional period of community reintegration which is a combination of work release and alcohol and/or substance abuse treatment (see id.). Phase 3 is an “aftercare component” in the community under parole supervision (see id.).
The language of Penal Law § 60.04 (6) is specific with regard to what is intended. It directs that under certain circumstances, the court may issue an order directing that the Department of Correctional Services enroll the defendant “in the comprehensive alcohol and substance abuse treatment program in an alcohol and substance abuse correctional annex as defined in subdivision eighteen of section two of the correction law”[2] (Penal Law § 60.04 [6] [emphasis supplied]). The foregoing would strongly suggest that court-ordered entry into CASAT is *1035 limited to phase 1. Admission to phase 2 of the CASAT program would appear to remain within the discretion of correctional authorities under the guidelines imposed for temporary release and/or presumptive work release.
Under the circumstances, the court finds that the motion, as one to reargue, should be granted. Upon reargument, the court finds that it should more clearly indicate that in granting the petition, it directs the respondent to enroll the petitioner in phase 1 of the CASAT program at a suitable alcohol and substance abuse treatment correctional annex.
Accordingly, it is ordered, that the motion to renew is denied; and it is ordered, that the motion to reargue is granted; and it is ordered and adjudged, that the petition be and hereby is granted to the limited extent that the respondent is directed, within 30 days, to enroll the petitioner in phase 1 of the CASAT program at a suitable alcohol and substance abuse treatment correctional annex, unless this has already been done.

. In a court order dated March 19, 2007, Suffolk County Court Judge James EX. Doyle, who imposed petitioner’s sentence, directed that the petitioner be enrolled in a CASAT program pursuant to Penal Law § 60.04 (6).

. Under Correction Law § 2 (18), an alcohol and substance abuse treatment correctional annex is defined as:
*1035 “A medium security correctional facility consisting of one or more residential dormitories which provide intensive alcohol and substance abuse treatment services to inmates who: (i) are otherwise eligible for temporary release, or (ii) stand convicted of a felony defined in article two hundred twenty or two hundred twenty-one of the penal law, and are within six months of being an eligible inmate as that term is defined in subdivision two of section eight hundred fifty-one of this chapter including such inmates who are participating in such program pursuant to subdivision six of section 60.04 of the penal law.”